**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| **DANIEL LEWIS LEE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 2:19-cv-00468-JPH-DLP** |
| | ) | |
| **WARDEN, USP-TERRE HAUTE,** | ) | **CAPITAL CASE** |
| **UNITED STATES OF AMERICA,** | ) | **EXECUTION SCHEDULED FOR** |
| | ) | **DECEMBER 9, 2019** |
| Respondents. | ) | |

**OPPOSITION TO RESPONDENTS' MOTION**
**TO EXTEND TIME TO FILE RESPONSE**

Petitioner Daniel Lewis Lee respectfully files this opposition to the Government's motion to extend the time to file a response to his Petition for Writ of Habeas Corpus. In support of this motion, Petitioner states as follows:

1.      Petitioner is an indigent death-sentenced prisoner at USP-Terre Haute. He is scheduled to be executed on December 9, 2019.

2.      On September 26, 2019, Petitioner filed a Petition for Writ of Habeas Corpus. *See* Dkt. 1. On September 27, 2019, this Court entered an Order to Show Cause requiring the Government to respond to the Petition by October 11, 2019. As this Court noted, an extension would not be granted "absent extraordinary circumstances." Dkt. 6.

3.      On October 8, 2019, the Government moved for a 28-day extension, until November 8, 2019, to file its response. Dkt. 10. Petitioner respectfully opposes the Government's request.

4.      Petitioner's first objection is based on timing. Mr. Lee's execution date is eight weeks away. This was a date of the Government's choosing, set at the same time that it disclosed an entirely new execution protocol. The Government's proposed schedule in the § 2241 litigation would leave little time for review by this Court much less for the appeal that would likely be filed by the losing party.[1] Mr. Lee's counsel is concerned that the Government is attempting to run out the clock. This is not an idle fear: in calling the Court's attention to Mr. Lee's complaint in the District of Columbia challenging the new execution protocol,[2] the Government failed to note that it proposed not answering the merits of that motion *until April of 2020* – several months after it hopes to have executed him.

5.      Indeed, the Government waited until the last possible date—three business days before the deadline—to seek an extension in this case (at a time when counsel for Mr. Lee were unavailable and traveling, and therefore unable to respond to the Government's attempt to conference the motion before filing it). As this Court's Memorandum of Practices and Procedures Before Judge James Patrick Hanlon ("Memo") states, counsel "should file motions for extension of time as far in advance as possible." Memo at 2. The Government offers no explanation for why it could not have sought the extension any sooner than the last possible date. Although it states that it "had previously-existing responsibilities that prevented them from turning their full attention immediately to this case," Dkt. 10 at 3, these obligations clearly did not arise only after the briefing schedule was entered here.[3]

---

[1] Undersigned counsel sought to reach Mr. Pellettieri this morning and left a message indicating that we would not object to his proposed schedule if the Government would reschedule Mr. Lee's execution date.

[2] It is unclear what point the Government is pressing by citing to Mr. Lee's other pending litigation.

[3] The order directing the Government to file a brief in the Eighth Circuit by October 7, 2019 was entered on September 12, 2019. *See Lee v. United States*, Case No. 19-2432 (8th Cir. 9/12/19) (Order). Similarly,

6.     Petitioner's second objection is that the Government has failed, per this Court's order, to demonstrate extraordinary circumstances for its request. The Government suggests that staffing decisions about who would be handling this litigation were only recently made. But DOJ counsel John Pellettieri has, in fact, been lead counsel for the Government against Mr. Lee since at least 2013. He is intimately familiar with the underlying record in this case. Given these circumstances, the Government has not adequately explained why the original briefing schedule was insufficient for it to file a response to the Petition.

7.     Finally, the undersigned wish to make two points about the Government's references to the "extensive review" that Mr. Lee has allegedly received of his death sentence. Dkt. 10 at 1-2. First, the central contention of Mr. Lee's habeas petition is that the Government's misconduct in securing a death sentence has *escaped* review precisely because the Government managed to successfully conceal it until after the time for filing a motion under 28 U.S.C. § 2255 had already expired. Indeed, the Government has consistently litigated to *prevent* the courts from reviewing the merits of Mr. Lee's *Brady* and *Napue* claims by invoking procedural defenses. (Notably, Judge J. Leon Holmes in the Eastern District of Arkansas noted that he would have granted relief had he been permitted to reach the merits.) Moreover, had Mr. Lee not first sought relief for these violations through § 2255, the Government would have argued in this Court that he had no right to seek § 2241 review.

8.     Second, to the extent that Mr. Lee has simultaneously filed litigation in the Eighth Circuit (which concerns a different challenge from the one raised in the habeas petition before this Court), as well as in the District of Columbia, this is because the Government decided, without warning, to schedule Mr. Lee's execution date while his Eighth Circuit litigation was

---

the Government's trial on October 1 and 2, 2019, was presumably not scheduled after Mr. Lee filed his Petition in this case.

still pending, and at the same time that it informed him of its new lethal injection procedure. Mr.

Lee might have otherwise pursued his litigation sequentially, but the Government has left him

little choice.[4] The Government is in full control of the timing of Mr. Lee's scheduled execution.

It should not be allowed to use timing as an excuse to deprive Mr. Lee and this Court of adequate

review of the serious allegations he has raised.

WHEREFORE, the Petitioner respectfully opposes the Government's request for a 28-

day extension to file a response to the Petition for Writ of Habeas Corpus.


Dated:                                          Respectfully submitted,


/s/ Morris H. Moon                              /s/ George G. Kouros
Morris H. Moon                                  George G. Kouros
Assistant Federal Public Defender               Assistant Federal Public Defender
Federal Capital Habeas Project                  Federal Capital Habeas Project
6411 Ivy Lane, Suite 710                         6411 Ivy Lane, Suite 710
Greenbelt, MD 20770                             Greenbelt, MD 20770
(713) 880-3556                                  (301) 821-0855 (phone)
(301) 344-0019 (fax)                            (301) 344-0019 (fax)
Morris_Moon@fd.org                              George_Kouros@fd.org

---

[4] Indeed, if Mr. Lee had waited until after the extant Eighth Circuit litigation had concluded before filing these other actions, the Government would have no doubt accused him of being dilatory.

## CERTIFICATE OF SERVICE

I certify that on October 9, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ Morris H. Moon
Morris H. Moon
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556 (phone)
(301) 344-0019 (fax)
Morris_Moon@fd.org

*Counsel for Petitioner Daniel Lee*