**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| **DANIEL LEWIS LEE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Case No. 2:19-cv-00468-JPH-DLP** |
| | ) | |
| **WARDEN, USP-TERRE HAUTE,** | ) | **CAPITAL CASE** |
| **UNITED STATES OF AMERICA,** | ) | **EXECUTION SCHEDULED FOR** |
| | ) | **DECEMBER 9, 2019** |
| Respondents. | ) | |

---

### PETITIONER'S REPLY TO GOVERNMENT'S
### OPPOSITION TO MOTION FOR STAY OF EXECUTION

---

Petitioner Daniel Lee respectfully submits this brief reply to ensure there is clarity on the record and the legal issues before this Court.

1. The law is plain that a movant seeking a stay must establish four factors: (1) a significant possibility of success on the merits; (2) irreparable harm resulting from the absence of a stay; (3) a balance of harm that favors the movant; and (4) public interest would support a stay. *Hill v. McDonough*, 547 U.S. 573, 584 (2006) (citing *Barefoot v. Estelle*, 463 U.S. 880, 895-896 (1983)). A stay is an equitable remedy where a balancing of the equities is required. The case law does not privilege one factor over another.

2. Mr. Lee has not been dilatory. Government's Response in Opposition (Doc. 20), at 4. He has been diligently pursuing post-conviction remedies in the Arkansas courts in an appropriate effort to secure merits review of the Sixth Amendment claim. When undersigned

counsel were appointed to this case, they determined that other issues – in addition to trial counsel's prejudicial failure as to the PCL-R – might find relief pursuant to § 2255. When they learned that the Government had been suppressing evidence, they sought relief in a timely fashion in the Eastern District of Arkansas. Rejecting Mr. Lee's arguments, the district court deemed all of his claims successive. Petitioner has now brought those claims together before this Court – rather than litigating them piecemeal, one after another, even as he sought relief in the jurisdiction of conviction. *See* Doc. 20, at 7. And he has demonstrated how, under the unique facts and extraordinary circumstances of his case, § 2255 was an inadequate and ineffective remedy for assessing his claims.

3. Had the undersigned not tried first to utilize § 2255 as a remedy, they could not have demonstrated to this Court that the statute was ineffective and inadequate to test his claims. Section 2255(e) required him to do so.

4. Mr. Lee began this process well before the scheduling of an execution date. The Department of Justice set the December 9 date while he was pursuing § 2255 relief in the Eastern District of Arkansas and the Eighth Circuit.

5. The Government's "strong interest in proceeding with its judgment," Doc. 20, at 3, is considerably weakened in this case. The Government waited 8 years to develop and announce a new execution protocol but now insists that it will be harmed if the December 9 date it selected is postponed. This is not evidence of a strong interest. Moreover, those especially expected to support implementation of Mr. Lee's sentence – the victims, the trial judge, the lead trial prosecutor – are unequivocally opposed. Who exactly will be harmed under these circumstances if a stay is granted is never stated.

6.  The weight given Mr. Lee's "likelihood of success on the merits" cannot be diminished through misstatement of his claims. His first claim for relief is entirely dependent on the Supreme Court's major announcement in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), decided after the Arkansas district court denied his § 2255.  This newly-announced equitable rule should then have allowed consideration of his ineffectiveness claim. Yet the Government considers the issue before this Court as if those rulings had never been made. Doc. 20, at 5. Respondent again ignores the actual merits in his second claim, portraying the *Brady/Napue* issue as centering on a fee application, when the facts as to why the Oklahoma homicide charge had to be dismissed, and when and how the Government learned the truth, remain peculiarly within its own purview and unavailable to Mr. Lee. (The Government's Response in Opposition to his § 2241 Petition, describing its unsuccessful efforts to answer those questions, makes this abundantly clear.)

7. Daniel Lee has presented this Court with two claims of prejudicial error that marred his capital sentencing. Not once has the Government argued either that the PCL-R was properly introduced to prove he would be dangerous in prison or that the jury was accurately told he had gotten away with a murder.

8. The balance of the equities in this case must favor Petitioner. Mr. Lee respectfully asks this Court to grant him a stay, consider his § 2241 petition on its strong merits, and prevent an unconstitutional execution from going forward.

Respectfully submitted,

\s\ Morris H. Moon                     \s\ George G. Kouros
Morris H. Moon                        George G. Kouros
Assistant Federal Public Defender     Assistant Federal Public Defender
Federal Capital Habeas Project        Federal Capital Habeas Project
6411 Ivy Lane, Suite 710              6411 Ivy Lane, Suite 710
Greenbelt, MD 20770                   Greenbelt, MD 20770
(713) 880-3556                        (301) 821-0855
Morris_Moon@fd.org                    George_Kouros@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system on November 20, 2019. I certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system

/s/Morris H. Moon
MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

Counsel for Daniel Lewis Lee

5