IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL LEWIS LEE,                        )
                                         )
                    Petitioner,          )
        v.                               )      No. 2:19-CV-00468-JPH-DLP
                                         )           (Capital Case)
WARDEN USP TERRE HAUTE,                   )
UNITED STATES OF AMERICA,                 )
                                         )
                    Respondents.          )

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DANIEL LEWIS
LEE'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

The government submits this response to Daniel Lewis Lee's Motion for

Leave to Conduct Discovery and Incorporated Memorandum. The Court

should deny the motion for the reasons stated below.

**BACKGROUND**

In 1999, petitioner Daniel Lewis Lee was convicted of three counts of

capital murder and was sentenced to death by a jury in the United States

District Court for the Eastern District of Arkansas. In the ensuing years, the

Arkansas district court and the United States Court of Appeals for the

Eighth Circuit repeatedly upheld Lee's conviction and sentence on direct

appeal and on collateral review under 28 U.S.C. § 2255. *See* Dkt. 14, at 3-6

(describing procedural history).[1] The Supreme Court also denied certiorari on multiple occasions. *Lee v. United States*, 137 S. Ct. 1577 (2017); *Lee v. United States*, 135 S. Ct. 72 (2014); *Lee v. United States*, 545 U.S. 1141 (2005); *Lee v. United States*, 537 U.S. 1000 (2002).

In July 2019, the United States set a date to carry out Lee's capital sentence, scheduling his execution for December 9, 2019.[2] Approximately two months later, on September 26, 2019, Lee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court—the district of his confinement—raising claims that he had unsuccessfully asserted in prior filings in the Arkansas district court. Dkt. 1. Lee now requests leave to conduct discovery on those same claims to "ensure a fully developed factual record for judicial review of his claims for relief" in his pending habeas petition. Dkt. 18.

Lee, however, is not entitled under the applicable legal standard to conduct discovery. His motion should be denied.

---

[1] "Dkt." refers to docket entries in this case.

[2] On November 20, 2019, in Case Number 19-mc-145 (TSC), the United States District Court for the District of Columbia issued a preliminary injunction enjoining Lee's execution until further order of the court. On November 25, 2019, the United States filed an emergency motion in the D.C. Circuit to stay or vacate the district court's preliminary injunction. The appeal is docketed under D.C. Circuit case no. 19-5322.

## APPLICABLE LEGAL STANDARD

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, Habeas Rule 6 states that a petitioner is entitled to conduct discovery under the Federal Rules of Civil Procedure if the judge, for good cause shown, authorizes it. Rules Governing § 2254 Cases 6(a). Whether a petitioner has established "good cause" sufficient to warrant discovery depends on whether "specific allegations…show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is…entitled to relief." *Bracy*, 520 U.S. at 904-09. Petitioners seeking habeas relief, however, may not use "discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Ct. for the N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

## ARGUMENT

Lee's habeas petition fails as a matter of law on the record as it stands. As a result, Lee does not and cannot demonstrate that he is entitled to conduct discovery.

I.    **Lee Is Not Entitled to Habeas Relief Because His Petition is Barred as a Matter of Law**

Much like this Court recently ruled in *Purkey v. United States*, 2:19-cv-00414-JPH-DLP, Dkt 76, Lee's claims cannot be raised and adjudicated

under § 2241 because they do not fall within any of the limited circumstances the Seventh Circuit has recognized for a federal prisoner to permissibly challenge a conviction and sentence under § 2241. As such, Lee is not entitled to relief, nor discovery.

As described in detail in the government's response to Lee's habeas petition, Dkt. 14, § 2241's saving clause forecloses Lee's habeas petition, and therefore – as a matter of law – he is not entitled to relief. In summary, § 2255 provides that district courts "shall not . . . entertain[]" a federal prisoner's petition for a writ of habeas corpus except in cases where § 2255 was shown to be "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). Broadly speaking, the Seventh Circuit has determined that § 2255 may be inadequate or ineffective—potentially permitting a § 2241 habeas petition—when a federal prisoner relies on (1) an intervening judicial decision unavailable at the time of the prisoner's first § 2255 motion that demonstrates fundamental error in the prisoner's conviction or sentence; or (2) newly discovered evidence demonstrating categorical ineligibility for the death penalty that existed at the time of the prisoner's trial but was unavailable despite diligence by the defense. *See* Dkt. 14, at 19-27. Neither of those circumstances are present here.

Lee does not (and cannot) show that § 2255 was inadequate or ineffective to raise the ineffective-assistance and *Brady* and *Napue* claims asserted in his habeas petition. As for the ineffective-assistance claim, Lee concedes that all of the law and facts required to raise that claim were available at the time of his first § 2255 motion. According to Lee, the lawyers who represented him in those § 2255 proceedings could have and should have raised the ineffective-assistance claim in his first § 2255 motion but failed to do so as a result of negligence. Attorney negligence, however, does not make § 2255 inadequate or ineffective. "[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' . . . is due to him and not to § 2255." *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir. 1999).

Section 2255 similarly was not inadequate or ineffective to raise the *Brady* and *Napue* claims Lee now re-asserts in his habeas petition. The newly discovered evidence that Lee relies upon in support of those claims—which he derives from publicly accessible court documents—was readily available to Lee at the time of his trial and first § 2255 motion. *See* Dkt. 14, at 36, 65-68. As Lee himself has acknowledged elsewhere, that information "was available to, yet never pursued by, [his] trial or postconviction counsel." Letter from Ruth E. Friedman to Attorney General Eric Holder (Nov. 4, 2014) (on file with government). Section 2255 was not inadequate or ineffective merely

because Lee failed to act with diligence to obtain publicly-available information that he now alleges would support *Brady* and *Napue* claims.

In short, Lee identifies no structural problem in § 2255 that prevented him from raising in his first § 2255 motion the ineffective-assistance claim and the *Brady* and *Napue* claims that he now asserts in his habeas petition. By his own account, Lee's failure or inability to raise those claims in his first § 2255 motion (or earlier) derived from the negligence or lack of diligence by his own lawyers. Section 2255 is not inadequate or ineffective, however, in those circumstances, and Lee provides no reason to conclude otherwise. On the basis of this statutory bar alone, Lee has not shown a likelihood of success that would entitle him to conduct discovery.

## II.   Lee Cannot Demonstrate He is Entitled to Relief Because His Habeas Claims are Meritless and Not Supported by the Record

In addition to being statutorily barred, Lee's habeas claims are also meritless and must be denied on the basis of the record as it stands, and additional fact development would be unavailing.  As such, Lee's requested discovery would not show that he is entitled to relief. To the contrary, Lee is merely attempting to investigate theories that do not entitle him to relief under § 2241, in which case discovery is inappropriate. *See, e.g., United States ex re. Erickson v. Schomig*, 162 F. Supp. 2d 1020, 1057 (N.D. Ill. 2001) (citing *Daniels v. United States*, 532 U.S. 374, 381 (2001)) (discovery for the

purpose of investigating theories, without a showing that the petitioner is entitled to relief, should not be allowed because collateral remedies are not limitless).

## A. Ineffective Assistance of Counsel Claim

Lee would not be entitled to relief on the claim that his sentence is in violation of the Sixth Amendment, even if he were able to depose Dr. Ryan. Lee asserts that his trial counsel should have challenged the Hare Psychopathy Checklist (PCL-R), especially in light of Dr. Ryan's rejection of the test. However, regardless of when the rejection occurred, Dr. Ryan did not testify about his diagnosis of Lee as a psychopath or offer an opinion that Lee's diagnosis as a psychopath showed that he posed a risk of future dangerousness while in prison. *See* Tr. 7906-7931. The government also did not mention psychopathy during closing arguments. *See* Tr. 7956-75, 7988-92. Rather, the government elicited testimony from Lee's own expert witness, Dr. Cunningham, during cross-examination regarding psychopathy. Tr. 7812; *see* Tr. 7806-07.

As fully articulated in the government's response to Lee's habeas petition, the fundamental flaw in Lee's argument is that there was no expert opinion evidence at Lee's trial—by Dr. Ryan or anyone else—that his diagnosis as a psychopath showed he would be a danger to others in prison. Dr. Ryan's expert report detailing his diagnosis of Lee as a psychopath was

not presented to the jury, and after the Court granted Lee's motion in limine, Dr. Ryan was precluded from testifying during rebuttal about "the issue of psychopathy" and "the Hare psychopathy test." Tr. 7836. Dr. Ryan therefore did not offer an opinion that Lee's diagnosis as a psychopath meant he would be a danger to others in prison. Because Lee would not prevail on this claim on the merits, he cannot show good cause to conduct discovery on the issue. A deposition of Dr. Ryan would do nothing to support this claim, especially in light of the fact that the jury did not hear any evidence that Dr. Ryan—or any other expert—linked Lee's psychopathy with future violence in prison.

## B. *Brady* and *Napue* Claims

Similarly, Lee also would not prevail on his claims that the government committed *Brady* and *Napue* violations, regardless of whether the facts are more fully-developed. Therefore, he is not entitled to conduct discovery on the issues. As fully explained in the government's response to Lee's habeas petition, there was no *Brady* violation because the government did not suppress evidence, nor was the evidence material to an issue at trial. *United States v. Shields*, 789 F.3d 733, 746-47 (7th Cir. 2015). The government did not suppress the fee application filed by Lee's lawyer in the Wavra case because it was a publicly available document that was readily available to Lee at any point before or after the trial. *Shields*, 789 F.3d at 746-47 (concluding that publicly-available information about a lawsuit was not

suppressed). In addition, Lee was present at his own preliminary hearing and therefore any information about the contents of that hearing was available and know to Lee. Dkt. 14 at 67.

The evidence was also not favorable or material, and any assertion to the contrary is based largely on speculation by Lee. The government's argument at sentencing would have remained the same regardless of whether a Nebraska judge found the evidence insufficient to maintain a first-degree murder charge against Lee or whether prosecutors agreed not to pursue a first-degree murder charge as a part of a plea bargain. Either way, Lee avoided a lengthy term of imprisonment despite brutally beating Wavra and providing a knife to his cousin to kill Wavra. The attorney's fees application does not alter this argument, and no reasonable probability exists that a jury presented with the information in the document would have reached a different verdict at Lee's trial.

Lee likewise is not entitled to discovery to support his *Napue* claim because he has not shown that he would be entitled to relief, even after conducting the requested discovery. Lee has not shown that the government knowingly made a false statement at sentencing or that a reasonable likelihood exists that the jury would have reached a different verdict because of additional facts about the disposition of the charges against Lee in the Wavra case.

Lee's *Brady* and *Napue* claims are based largely on speculation by Lee. Lee does not and cannot show that if he were able to fully develop the facts through discovery, he would likely be entitled to relief. He does not state what he believes he will find through the requested discovery. Instead, he merely states that the detectives, case agents, and Assistant United States Attorneys involved in his case have "information relevant to [his] *Brady* and *Napue* claims," not that he believes this information, if fully developed, would entitle him to relief. According to the Seventh Circuit, "speculation does not constitute good cause." *Jones v. United States*, 231 Fed. App'x 485, 488 (7th Cir. 2007). This is exactly the kind of "fishing expedition" that is inappropriate for habeas proceedings. *Calderon v. U.S. Dist. Ct. for the N.D. Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996).

## CONCLUSION

For the foregoing reasons, this Court should deny Lee's motion to conduct discovery.

Respectfully submitted,

BRIAN A. BENCZKOWSKI
Assistant Attorney General

MATTHEW S. MINER
Deputy Assistant Attorney General

JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division

JOSH J. MINKLER
United States Attorney
Southern District of Indiana

s/ Michael Gordon
MICHAEL GORDON
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Arkansas

U.S. Department of Justice            425 W. Capitol Ave., Suite 500
                                      Little Rock, AR 72201
                                      (501) 340-2652 (office)
                                      (501) 650-3098 (cell)

November 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system on November 29, 2019. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Michael Gordon
MICHAEL GORDON
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Arkansas
425 W. Capitol Ave., Suite 500
Little Rock, AR 72201
(501) 340-2652 (office)
(501) 650-3098 (cell)