**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

**DANIEL LEWIS LEE,**
    **Petitioner,**

**vs.**            **Case No. 2:19-cv-00468-JPH-DLP**

            **CAPITAL CASE**
**WARDEN, USP-TERRE HAUTE**   **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA,**  **DECEMBER 9, 2019[1]**
      **Respondents.**

<u>**REPLY TO RESPONSE FOR LEAVE TO CONDUCT DISCOVERY**</u>

Counsel for Daniel Lee submit this short reply to correct several misstatements and misunderstandings of law in the Government's response ("GR"). As most of these issues have already been briefed, undersigned counsel does not rehash those arguments. Instead, the undersigned highlight the most egregious errors, as well as addresses the intervening decision of this Court in *Purkey v. United States*, 2:19-cv-00414-JPH-DLP (S.D. IN. Nov. 20, 2019), which the Government misapplies here.

**A. RESPONDENT'S UNDERSTANDING OF THE LAW GOVERNING DISCOVERY IS INCORRECT.**

Respondent's argument is based, in part, on the premise that if Mr. Lee has not established his right to proceed under § 2241, he is not entitled to discovery. Respondent argues, for example, that the evidence of Mr. Lee's *Brady* claim was previously available to him and therefore he cannot invoke § 2241 and discovery is not warranted. GR at 5-6. This reasoning is specious. In *Webster v. Daniel*, 784 F.3d 1123, 1145-46 (7th Cir. 2015), the Seventh Circuit

---

[1] Mr. Lee's execution has been enjoined by the District of Columbia District Court. The Government has appealed that injunction.

clearly held that discovery is available to determine *whether* the threshold § 2241 criteria have been met. The threshold question of availability is one specific reason the *Webster* court reversed and remanded for further proceedings. *See Webster,* 784 F.3d 1123 at 1146 (Before reaching the merits, "[t]he district court must hold a hearing for the purpose of deciding whether the...records were indeed unavailable…"). As in *Webster,* the question of the availability of the evidence supporting Mr. Lee's claim is in dispute and discovery is available and necessary to resolve this threshold issue.

Respondent also asks this Court to deny discovery because Mr. Lee's claims are based on speculation. GR at 3, 10. Respondent apparently chooses to ignore the holding of *Bracy v. Gramley*, 520 U.S. 899 (1997) where the Supreme Court squarely rejected this argument. Even though Bracy's theory was "quite speculative," *id*. at 905, and "not supported by any solid evidence," *id*. at 909, the Supreme Court granted discovery because the relevant question at this point is only whether the sought-after facts, if true, would help establish a claim for relief. *Id*. at 905 ("[D]ifficulties of proof aside, there is no question that, *if it could be proved…*") (emphasis added); *id.* at 909. Compared to the discovery requests at issue in *Bracy*, *see id*. at 902, Mr. Lee's narrow requests are no "fishing expedition." GR at 10.[2]

## B. THE GOVERNMENT MISCONSTRUES MR. LEE'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

Respondent misstates this issue in two ways. First, the Government claims there was no expert opinion presented to the jury "that [Mr. Lee's] diagnosis as a psychopath showed he

---

[2] Even the authority the Government relies on is inapposite. *Calderon v. U.S. Dist. Ct. for the N.D. Cal*., 98 F.3d 1102 (9th Cir. 1996) concerns pre-petition discovery; the request was denied because no habeas claim had yet been put forth. In *Jones v. United States*, 231 Fed. Appx. 485 (7th Cir. 2007), the petitioner's request "was based *solely on his hope* that a lab number on a police inventory report means that the government is withholding a fingerprint analysis." *Id*. at 488 (emphasis added). By contrast, Mr. Lee proffered documents, not hopes, to demonstrate good cause for his requests.

would be a danger to others in prison." GR at 7. As Mr. Lee explained in his § 2241 reply, Dkt. 15 at 10-12, this argument contradicts the Government's previous arguments in this case and the Eighth Circuit's holding that the psychopathy evidence was relevant to future dangerousness. The Government contention that Dr. Ryan's report was not introduced at trial is disingenuous. Dkt. 25 at 7-8. The results of the PCL-R test he administered to Mr. Lee were admitted before the jury; indeed, the trial court contemporaneously noted that the Government used its cross-examination of the defense expert as a vehicle to present the substance of Dr. Ryan's PCL-R results and opinion concerning Mr. Lee's alleged psychopathy to the jury. *United States v. Lee*, 89 F. Supp. 2d 1017, 1030-31 (E.D. Ark. 2000). The jury also heard the prosecutor argue that "Mr. Lee is a psychopath…I do mean that in the medical use," Tr. 7381, and "[w]e will prove in this case to you that Mr. Lee, because of his psychological profile, who he is and who he will be for years to come, is dangerous and will continue to be dangerous." Tr. 7383. To now argue that the jury heard no evidence that "linked Lee's psychopathy with future violence in prison," GR at 8, is outright misleading to this Court.

Second, the Government states that discovery from Dr. Ryan is not warranted because he did not "testify about his diagnosis of Lee as a psychopath or offer an opinion that Lee's diagnosis as a psychopath showed he posed a risk of future dangerousness while in prison." GR at 7. This is not Mr. Lee's claim. Mr. Lee did not allege that had trial counsel properly challenged the PCL-R, Dr. Ryan would have testified differently. He argued that Dr. Ryan would have rejected use of the PCL-R in Mr. Lee's case entirely and the jury would have never heard about it or psychopathy *at all*. Mr. Lee further supported this allegation with factual support which the Government contested by raising a disproved challenge about the timing of Dr. Ryan's recantation. *See* Dkt. 14 at 46-47. Unless the Government is now conceding that Dr. Ryan's

3

testing results would never have been presented to the jury, this issue requires discovery. Respondent should not be able to dodge the factual issue it created in this case by misstating Mr. Lee's claim.

### C. THE GOVERNMENT MISSTATES MR. LEE'S *BRADY* CLAIM.

The Government similarly misconstrues Mr. Lee's misconduct claims. Respondent continues to promote the canard that Mr. Lee is alleging the Government suppressed a "fee application." GR at 8-9. He is not. Mr. Lee has asserted that the Government suppressed—*and continues to suppress*—evidence in its possession showing that it knew of the actual resolution of the Oklahoma case, a resolution that belied the one it presented at trial. This is not mere speculation. With his discovery request, Mr. Lee submitted documents showing that the Government and its agents traveled to Oklahoma to "review and obtain all records" and to "determine Lee's level of participation." Dkt. 18 at Exh A. Mr. Lee also attached handwritten notes that appear to be from the Oklahoma prosecutors' files. *Id*. at Exh C. The Government never disclosed this information to Mr. Lee's defense team. Nor have they disclosed which agents and prosecutors were involved in this investigation and review; what documents were created in preparation for the capital trial; who was involved in deciding how to present the misleading argument and how that decision was made; or what discussions were had with the local Oklahoma authorities and what documents were created based on those discussions. Mr. Lee alleges that the content of that evidence establishes that the Government and/or it agents knew the true outcome of the Wavra matter. That is the basis of Mr. Lee's *Brady* claim and it is based on substantial evidence demonstrating that the Government did a full review of the Oklahoma case.

Respondent also boldly asserts that the violation is not material because "no reasonable probability exists that a jury presented with the information in the document would have reached a different verdict at Lee's trial." GR at 9. The Government never once mentions that a federal court *has already rejected this argument* and found that "[i]n light of the government's reliance on the Wavra murder during sentencing, it is reasonably likely that, if it had been disclosed at trial…the outcome at sentencing would have been different." *United States v. Lee*, No 4:97-cr-00243-JLH, slip op. at 14 (E.D. Ark. Feb. 26, 2019).

### D. MR. LEE'S CASE DIFFERS FROM *PURKEY V. UNITED STATES*, 2:19-CV-00414-JPH-DLP (S.D. IN. NOV. 20, 2019).

The Government argues that discovery is not necessary because Mr. Lee's petition fails as a matter of law in light of this Court's recent ruling in *Purkey, supra*. Mr. Lee's case differs from *Purkey* in at least two crucial ways.

#### 1. Mr. Lee is not trying to raise his IAC Claim for the first time via § 2241.

Unlike *Purkey*, Mr. Lee is not raising a constitutional claim[3] and does not bring his claim for the first time in this Court. Mr. Lee's right to § 2241 relies on exactly what the Government recognizes as proper: "an intervening judicial decision unavailable at the time of the prisoner's first § 2255 motion that demonstrates fundamental error in the prisoner's conviction or sentence." GR at 4.

Also unlike *Purkey*, Mr. Lee is not raising a new Sixth Amendment claim for the first time in a § 2241 petition but rather is following the narrow exception that *Martinez* allows. Mr. Lee's lawyers presented his claim in his initial § 2255 proceedings; however, they failed to proffer the relevant evidence in support of the claim. Counsel's ignorance about habeas procedure resulted in the district court imposing a procedural bar that precluded consideration of

---

[3] It is an "equitable ruling," not a "constitutional ruling." *Martinez v. Ryan*, 566 U.S. 1, at 16 (2012).

that supporting evidence. *Trevino* and *Martinez* are intervening judicial decisions that would have remedied that procedural bar and would have allowed the court to consider that evidence and conduct a full merits review of Mr. Lee's IAC claim. However, Mr. Lee could not take advantage of those decisions because they were decided after he had already been denied in district court. His only recourse at that point was to file a Rule 60(b) motion to reopen the § 2255 proceeding based on these intervening decisions, but the Eighth Circuit rejected Rule 60(b) as a proper avenue to redress the problem. Mr. Lee, unlike Purkey, encountered a procedural glitch in his § 2255 proceeding that precluded remedying the fundamental error in his death sentence. He is not arguing that § 2241 is an alternative way to present an IAC claim in his case; he is showing the need for § 2241 to remedy the unique procedural defect that occurred in his initial collateral proceeding that made § 2255 inadequate and ineffective.

### 2.   *Ramirez* is consistent with Mr. Lee's case.

This Court found that *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015) was not consistent with Purkey's allegations. Mr. Lee's case differs in this respect as well. The error and the remedy in *Ramirez* is precisely the same as that which Mr. Lee seeks. Although, unlike Mr. Lee, Ramirez was abandoned on appeal, the error the *Ramirez* court remedied was not appellate counsel's abandonment. Rather, it was § 2255 counsel's failure to proffer evidence in support of a claim; the exact error in Mr. Lee's case. *See Ramirez*, 799 F.3d at 849 (noting district court denied motion because "Ramirez (still) has not produced any documents to show…he was prejudiced by [trial] counsel's omission."). It was this omission—like that in Mr. Lee's case— that precluded meaningful review of Ramirez's underlying Sixth Amendment claim, and for which the Seventh Circuit held that *Trevino* and *Martinez* provided a remedy. Unlike *Purkey,* Mr, Lee's case is on all fours with the holding in *Ramirez.*

The Seventh Circuit's choice of remedy also reflects that the *Martinez/Trevino* decision was not focused on the abandonment of Ramirez's appellate lawyer. If it were, the remedy would have been reinstatement of the appeal. But the Seventh Circuit remanded the case to the district court with instructions to reopen the § 2255 proceedings, thus allowing Ramirez to proffer the missing evidence and remedy the omission of post-conviction counsel. *Id*. at 856. This is the same remedy Mr. Lee seeks: not to litigate a new claim before this Court in the first instance but to be allowed to proffer the evidence precluded by his post-conviction attorney's ineffectiveness. Mr. Lee is not asking this Court to adjudicate new or different claims; he is still seeking one reasonable opportunity to litigate the trial Sixth Amendment right that was foreclosed by the unique structural problem in his § 2255. This is why § 2241 is available under the peculiar circumstances of his case.

## CONCLUSION

WHEREFORE, Daniel Lee respectfully requests that this Honorable Court grant the foregoing Motion, and permit Mr. Lee leave to conduct discovery under the Federal Rules of Civil Procedure, per Habeas Rule 6(a).

Respectfully submitted,

\s\ Morris H. Moon
Morris H. Moon
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

\s\ George G. Kouros
George G. Kouros
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the Southern District of Indiana using the CM/ECF system on

December 2, 2019. I certify that all the participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system

<u>/s/Morris H. Moon</u>
MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

Counsel for Daniel Lewis Lee