# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse<br>Room 2722 - 219 S. Dearborn Street<br>Chicago, Illinois 60604 | | Office of the Clerk<br>Phone: (312) 435-5850<br>www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

January 28, 2020

To:   Laura A. Briggs
UNITED STATES DISTRICT COURT
Southern District of Indiana
104 U.S. Courthouse
Terre Haute , IN 47807

|  |  |
|---|---|
| No. 19-3399 | DANIEL LEWIS LEE,<br> Petitioner - Appellee<br><br>v.<br><br>T. J. WATSON, Warden, et al.,<br> Respondents - Appellants |

**Originating Case Information:**

District Court No: 2:19-cv-00468-JPH-DLP
Southern District of Indiana, Terre Haute Division
District Judge James P. Hanlon

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:   No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are

to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                    **Received by:**

_____1/28/2020_____        ___*Laura Townsend*_____
                                         Deputy Clerk, U.S. District Court

form name: **c7_Mandate**(form ID: **135**)

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted December 6, 2019
Decided December 6, 2019

Before

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

| | |
|---|---|
| No. 19-3399<br><br>DANIEL LEWIS LEE,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>T. J. WATSON, Warden, *et al.,*<br>    *Respondents-Appellants.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:19-cv-00468-JPH-DLP<br>James Patrick Hanlon, *Judge.* |

**Order**

Daniel Lewis Lee has been convicted of three murders and sentenced to death. His convictions and sentences have been affirmed by the Eighth Circuit, and multiple requests for collateral relief under 28 U.S.C. §2255 have failed on the merits or for lack of the authorization required by 28 U.S.C. §2244(b)(3) and §2255(h). See 274 F.3d 485 (8th Cir. 2001); 374 F.3d 637 (8th Cir. 2004); 715 F.3d 215 (8th Cir. 2013); 792 F.3d 1021 (8th Cir. 2015); No. 19-2432 (8th Cir. Nov. 4, 2019).

In July 2019 the United States scheduled Lee's execution for December 9, 2019. Two months later he filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 in the Southern District of Indiana, where he is confined. He requested a stay of execution but later withdrew that request. Yesterday, notwithstanding the request's withdrawal, a district judge stayed Lee's execution. The judge recognized that §2255(e) forecloses resort to §2241 unless a motion under §2255 is inadequate or ineffective to test the validity of the conviction and sentence. The district judge was not prepared to say that §2255 *is* ineffective to test the validity of Lee's death sentence; instead he wrote that there is a "significant possibility" (slip op. 11) that Lee may be able to meet the standard of §2255(e), that evaluating Lee's arguments will take more time, and that his execution therefore should be deferred.

This decision does not conclude that Lee has satisfied the standards for stays prescribed in *Nken v. Holder*, 556 U.S. 418 (2009). Before receiving a stay, an applicant must make a "strong showing" of probable success on the merits. *Id*. at 434. The prospect of irreparable injury is not itself enough. The district judge did not conclude that Lee is likely to succeed on the merits or that he has a "strong" prospect of doing so. As far as we can see, the likelihood of success is slim. Lee makes two substantive arguments—that he received ineffective assistance of counsel at sentencing and that the prosecutor concealed or suppressed exculpatory or impeaching evidence. Arguments of those kinds are regularly made and resolved under §2255.

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), holds that §2255 may be deemed inadequate or ineffective if the provision for successive collateral attacks in §2255(h) does not permit a prisoner to present factual developments that could not have been litigated earlier. The district court stated that there is a "significant possibility" that Lee "may" be able to satisfy the standard of *Webster*, but the court did not conclude that there is a "strong showing" either that *Webster*'s standard has been met or that Lee would be entitled to relief on the merits if the issues he raises were relitigated. Indeed, the judge did not explain why there is even a "significant possibility" that the supposedly newly discovered evidence is in fact newly discovered, as *Webster* uses that phrase. The principal "newly discovered" evidence on which Lee relies is a statement made on the record by a judge decades ago and available from that state court. Indeed, the statement was made in Lee's presence, and although he may not have understood its potential significance that is some distance from the information being concealed or unavailable. See *Webster*, 784 F.3d at 1140

(explaining that evidence is not "newly discovered" if the defense could have accessed it with due diligence); see also *United States v. Shields*, 789 F.3d 733, 746–47 (7th Cir. 2015) (publicly available court records accessible with due diligence are not *Brady* material).

One further observation. The grant of a stay entails equitable as well as legal considerations. Lee did not attempt to use §2241 for more than four years after the Eighth Circuit rejected the last of his contentions, and more than four years after, by his own account, he obtained the evidence that he characterizes as newly discovered. Even after an execution date was set, he waited a further two months to seek a writ of habeas corpus. It is understandable that a district judge, entertaining a request for relief from capital punishment, would want to take a hard look at the matter, a look that may take more time than the impending execution date permits. But someone who waits years before seeking a writ of habeas corpus cannot, by the very act of delay, justify postponement of the execution. See *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004).

The motion to vacate the stay of execution is granted.