UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL LEWIS LEE, | ) |
| Petitioner, | ) |
| v. | ) No. 2:19-cv-00468-JPH-DLP |
| WARDEN USP TERRE HAUTE, et al. | ) |
| Respondents. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Daniel Lewis Lee is a federal prisoner on death row at the United States Penitentiary in Terre Haute, Indiana. He was sentenced to death 20 years ago in the United States District Court for the Eastern District of Arkansas after a jury found him guilty of murdering a gun dealer and the gun dealer's family to steal money and guns. The conviction and sentence were affirmed on direct appeal and multiple requests for post-conviction relief were denied by the United States Court of Appeals for the Eighth Circuit.

Mr. Lee seeks relief from this Court by way of a 28 U.S.C. § 2241 petition. Mr. Lee first argues that his counsel was ineffective during the penalty phase of his trial in violation of his Sixth Amendment rights. Mr. Lee next argues that newly discovered evidence shows that the United States violated his due process rights when it suppressed material evidence and misled the jury regarding the nature of a prior conviction in Oklahoma. This Court stayed Mr. Lee's execution pending resolution of this action, but the Seventh Circuit granted the United States' motion to vacate the stay.

1

Based on that decision, Mr. Lee's claims cannot proceed in this § 2241 action. The Court thus **denies** the petition for a writ of habeas corpus without reaching the merits of the claims presented.

**I.**

In its Order staying Mr. Lee's execution, the Court set forth the procedural background of Mr. Lee's conviction and challenges thereto. *See* Dkt. 27 at 2-5. The Court incorporates by reference that background here, including that Mr. Lee previously attempted to raise his current claims in his court of conviction and in the Eighth Circuit.

First, Mr. Lee raised his ineffective assistance claim via a Rule 60(b) motion in his 28 U.S.C. § 2255 proceeding. The District Court denied the motion, and the Eighth Circuit affirmed. *See United States v. Lee*, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014); *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015).

Second, Mr. Lee raised his due process claims in another 28 U.S.C. § 2255 proceeding. The District Court denied the motion as an unauthorized second or successive § 2255 motion, and the Eighth Circuit denied a certificate of appealability. *See United States v. Lee*, No. 4:97-cr-00243-KGB, Dkt. 1313 (E.D. Ark.); *Lee v. United States*, No. 19-2432 (8th Cir. Nov. 4, 2019).

**II.**

Mr. Lee's § 2241 petition raises two claims. First, he argues that trial counsel provided ineffective assistance by failing to use available evidence to challenge the results of the Hare Psychopathy Checklist-Revised ("PCL-R") that was offered by the United States in support of an aggravating factor during the

penalty phase. Dkt. 1 at 11-46. The United States relied upon the PCL-R to demonstrate, among other things, that Mr. Lee presents a risk of future dangerousness. Dkt. 1 at 11-46.

Second, Mr. Lee advances two related due process claims under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Napue v. Illinois*, 360 U.S. 264 (1959).[1] The due process claims focus on the degree of Mr. Lee's involvement in the murder of Joseph Wavra in Oklahoma when Mr. Lee was seventeen years old. In support of its position that Mr. Lee presented a risk of future dangerousness and deserved the death penalty, the United States argued that Mr. Lee was responsible for Mr. Wavra's murder. Mr. Lee maintains that the United States violated *Brady* and *Napue* when it suppressed exculpatory evidence regarding Mr. Wavra's murder and presented evidence that created a false impression for why Mr. Lee was not prosecuted for Mr. Wavra's murder. Dkt. 1 at 46-68.

The United States argues that the Court cannot reach the merits of these claims because Mr. Lee cannot raise them in a § 2241 petition. Dkt. 14. Mr. Lee disagrees. In the end, the Court concludes that Mr. Lee's claims cannot proceed in this § 2241 action and thus denies the petition without reaching the merits of the claims presented.

---

[1] In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. "*Napue* [*v. Illinois*, 360 U.S. 264 (1959)] and *Giglio* hold that a prosecutor may not offer testimony that the prosecutor knows to be false." *Bland v. Hardy*, 672 F.3d 445, 447 (7th Cir. 2012).

Whether Mr. Lee can bring his claims via § 2241 depends on whether he meets the requirements of 28 U.S.C. § 2255(e)—commonly referred to as the Savings Clause. *See Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc). The Savings Clause permits claims to proceed in a § 2241 petition if a petitioner can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The legal standards governing the Savings Clause determination are set forth in the Court's Order staying Mr. Lee's execution and its recent decision in *Purkey v. United States*, No. 2:19-cv-00414-JPH-DLP (S.D. Ind. Nov. 20, 2019), Dkt. 76 at 8-15. Those legal standards are incorporated here by reference. *See* Dkt. 27 at 9-11; *Purkey*, No. 2:19-cv-00414-JPH-DLP, Dkt. 76 at 8-15.

Here, neither of Mr. Lee's claims meet the Savings Clause. Mr. Lee's ineffective assistance claim is—for purposes of the Savings Clause analysis—essentially identical to a claim addressed in *Purkey*. Like Mr. Lee, Mr. Purkey sought to bring ineffective assistance of trial counsel claims in his § 2241. Mr. Purkey relied on similar legal arguments for why his ineffective assistance claims meet the Savings Clause. Notably, both Mr. Lee and Mr. Purkey take the position that the *Martinez-Trevino* doctrine, as extended in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015),[2] permits them to raise ineffective assistance claims in a § 2241 petition.

---

[2] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), establish an opportunity for 28 U.S.C. § 2254 petitioners challenging state court judgments from some states to argue ineffective assistance of post-conviction counsel as cause to excuse procedural default of their ineffective assistance of trial counsel claims. *Ramirez* extended *Martinez* and *Trevino* to

4

The Court rejected this and other of Mr. Purkey's arguments, concluding that his ineffective assistance claim did not meet the Savings Clause. The Court explained that neither the *Martinez-Trevino* doctrine nor *Ramirez* involve the Savings Clause question, and that *Ramirez* has subsequently been narrowly construed by the Seventh Circuit. *See Purkey*, No. 2:19-cv-00414-JPH-DLP, Dkt. 76 at 21-23. These factors led the Court to conclude that the Seventh Circuit would likely not expand *Ramirez*, thus requiring the Court to decline to do so.

The Court further reasoned that permitting ineffective assistance claims to proceed in § 2241 actions would run counter to both Seventh Circuit precedent and the statutory framework established in § 2255, which sought to steer almost all post-conviction proceedings away from § 2241. *Id.* at 23-27; *see id.* at 27 ("[U]nlike the relatively narrow categories of claims [the Seventh Circuit has] allowed to proceed [in § 2241 petitions], ineffective assistance of trial claims are ubiquitous."). The Seventh Circuit set forth similar reasoning in reversing this Court's Order staying Mr. Lee's execution. *See Lee v. Watson*, 2019 WL 6718924, *1 (7th Cir. Dec. 6, 2019) (stating that Mr. Lee's likelihood of success is "slim" because ineffective assistance claims "are regularly . . . resolved under § 2255"). For this reason and those set forth in *Purkey*, the Court concludes that Mr. Lee's ineffective assistance claim does not meet the Savings Clause and thus cannot proceed in this § 2241 action.

---

28 U.S.C. § 2255 proceedings, allowing a petitioner to challenge § 2255 counsel's effectiveness in a Rule 60(b) motion. 790 F.3d at 854.

5

Mr. Lee's due process claims similarly do not meet the Savings Clause. The Court previously concluded that Mr. Lee's due process claims likely meet the Savings Clause. Dkt. 27 at 11-13. Among other things, the Court reasoned that "if Mr. Lee is correct that his [due process] claims rest on newly discovered evidence, he meets the core of the Savings Clause test as described by the Seventh Circuit," as he did not have this evidence during his § 2255 proceedings and thus did not have "'an unobstructed procedural shot at getting his sentence vacated.'" *Id.* at 12 (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Court concluded that Mr. Lee had made a sufficient showing "that there is newly discovered evidence to support his [due process] claims and that there may be additional discoverable evidence to support them."[3] *Id.* at 13.

The Seventh Circuit disagreed, concluding that Mr. Lee's likelihood of meeting the Savings Clause is "slim." *Lee*, 2019 WL 6718924, at *1. The Seventh Circuit reasoned that claims like Mr. Lee's "are regularly made and resolved under § 2255," thus it is unlikely that § 2255 is inadequate or ineffective. *Id.* The Seventh Circuit further noted that *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), held that "§ 2255 may be deemed inadequate or ineffective if the provision for successive collateral attacks in § 2255(h) does not permit a prisoner to present factual developments that could not have been litigated earlier." *Lee*, 2019 WL 6718924, at *1. The Seventh Circuit concluded that the evidence Mr. Lee designates as "newly discovered" is not so within the meaning

---

[3] The Court emphasized that while it was unclear whether Mr. Lee could ultimately demonstrate that the evidence was "newly discovered", that determination "should be made on a fully developed record." Dkt. 27 at 13.

6

of *Webster*. Because Mr. Lee was aware of it, the court reasoned, the evidence was not "concealed or unavailable." *Id.*; *see id.* (noting that evidence is not newly discovered under *Webster* "if the defense could have accessed it with due diligence.").

Although the Seventh Circuit's order in *Lee* did not hold that Mr. Lee's due process claims do not meet the Savings Clause, it provided specific reasons why those claims were not likely to succeed. *Id.* This Court therefore reads the Seventh Circuit's decision in *Lee* as having considered and rejected the several reasons cited by this Court for granting the stay.[4] Those reasons—now foreclosed—are the only reasons that could support a conclusion that the Savings Clause is met. Thus, based on the Seventh Circuit's order in *Lee*, the Court concludes that Mr. Lee's due process claims do not meet the Savings Clause and thus cannot proceed in this § 2241 action.

### III.

The claims Mr. Lee presents in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are barred by the Savings Clause, 28 U.S.C. § 2255(e). His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**, and this action is dismissed with prejudice.

Because the Court has concluded that Mr. Lee's claims are barred by the Savings Clause, his pending motions for oral argument, dkt. [16], to stay this

---

[4] For example, in its order granting a stay, this Court reasoned that Mr. Lee had shown that discovery might uncover additional evidence to support his position that his due process claims meet the Savings Clause and have merit. *See* Dkt. 27 at 12-13. The Seventh Circuit's decision rejected this premise.

7

action, dkt. [17], and for discovery, dkt. [18], are **denied**. Final Judgment consistent with this Order shall issue.

**SO ORDERED.**

Date: 3/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Scott Gordon
US Attorney's Office - Eastern District of Arkansas
michael.gordon@usdoj.gov

George Gust Kouros
FEDERAL CAPITAL HABEAS PROJECT
george_kouros@fd.org

Morris H. Moon
FEDERAL CAPITAL HABEAS PROJECT
Morris_Moon@fd.org

John M. Pellettieri
U.S. DEPARTMENT OF JUSTICE
john.pellettieri@usdoj.gov