UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL LEWIS LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No.  2:19-cv-00468-JPH-DLP |
| | ) |
| WARDEN USP TERRE HAUTE, | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondents. | ) |

**MOTION TO EXTEND TIME TO FILE RESPONSE**

Respondents in the above-captioned case respectfully request a 14-day extension of time, until May 15, 2020, to file their response to petitioner Daniel Lewis Lee's motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). In support of this motion, the undersigned states as follows:

1.     Petitioner Daniel Lewis Lee was convicted of three counts of capital murder and sentenced to death in 1999. Lee's conviction and sentence have been affirmed on direct review and collateral review under 28 U.S.C. § 2255 in the Eighth Circuit and the United States District Court for the Eastern District of Arkansas. *See, e.g.*, *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015), *cert. denied*, 137 S. Ct. 1577 (2017); *United States v. Lee*, No.

1

97-CR-243, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014); *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), *cert. denied*, 135 S. Ct. 72 (2014); *United States v. Lee*, No. 97-CR-243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010); *United States v. Lee*, No. 97-CR-243, 2008 WL 4079315 (E.D. Ark. Aug. 28, 2008); *United States v. Lee*, 374 F.3d 637 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005); *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*, 537 U.S. 1000 (2002); *United States v. Lee*, 89 F. Supp. 2d 1017 (E.D. Ark. 2000).

2.    In July 2019, the government set December 9, 2019, as the date to carry out Lee's capital sentence. Lee subsequently filed an array of new lawsuits and motions attacking his sentence and conviction. He filed a habeas petition under 28 U.S.C. § 2241 in this Court. Dkt. 1. He sought a preliminary injunction in a lawsuit in the district court for the District of Columbia challenging the government's execution protocol. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-MC-145 (D.D.C.) (Sept. 27, 2019). He filed a lawsuit in the District of Columbia challenging the adequacy of his clemency proceedings. *Lee v. Barr*, No. 1:19-CV-3611 (D.D.C.) (Dec. 2, 2019). And he filed an application in the Eighth Circuit seeking permission to file a second or successive § 2255 motion raising new *Brady* and *Napue* claims. *Lee v. United States*, No. 19-3576 (8th Cir.) (Dec. 4. 2019).

3.    Three courts, including this Court, entered orders barring Lee's

2

execution from going forward. On November 20, 2019, the district court in the protocol-litigation case entered a preliminary injunction barring Lee's execution from going forward. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-MC-145 (D.D.C.) (Nov. 20, 2019). On December 5, 2019, this Court entered a stay pending the disposition of Lee's habeas petition. Dkt. 28. And on December 6, 2019, Lee filed a motion for relief from judgment under Federal Rule of Civil Procedure 60 in the Eastern District of Arkansas seeking to reopen the district court's denial of his motion for reconsideration of his first § 2255 motion, and the district court entered a stay that evening pending the disposition of that motion. *United States v. Lee*, No. 97-CR-243 (E.D. Ark. Dec. 6, 2019) (Dkt.1356).

4.      Later in the day on December 6, 2019, the Seventh Circuit vacated this Court's stay order. *Lee v. Watson*, No. 19-3399, 2019 WL 6718924 (7th Cir. Dec. 6, 2019). The preliminary injunction in the protocol litigation stayed in effect, however, as did the stay order in the Eastern District of Arkansas, and therefore Lee's execution did not go forward.

5.      The government appealed the preliminary injunction in the D.C. district court and the stay order in the Eastern District of Arkansas. *United States v. Lee*, No. 19-3618 (8th Cir.) (argued Jan. 16, 2020); *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir.) (argued

Jan. 15, 2020). On January 29, 2020, while those appeals were pending, Lee filed in the Eastern District of Arkansas yet another (his fourth) Rule 60 motion seeking to reopen his § 2255 motion, asserting new *Brady* and *Napue* claims. *United States v. Lee*, No. 97-CR-243 (E.D. Ark. Jan. 29, 2020) (Dkt. 1363). The government responded on March 13, 2020.

6.     On March 20, 2020, this Court denied Lee's petition for habeas relief under 28 U.S.C. § 2241. Dkt. 35.

7.     On April 7, 2020, the D.C. Circuit vacated the preliminary injunction in the execution-protocol litigation. *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-5322 (D.C. Cir. Apr. 7, 2020). Lee filed a petition for rehearing en banc, and that petition remains pending. The appeal of the stay order entered in the Eastern District of Arkansas also remains pending in the Eighth Circuit. *United States v. Lee*, No. 19-3618 (8th Cir.) (argued Jan. 16, 2020).

8.     On April 17, 2020, Lee filed in the instant proceeding a motion under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's judgment denying his habeas petition. Dkt. 37.

9.     Respondents' response to Lee's Rule 59 motion is currently due on or before May 1, 2020. The undersigned is responsible for handling respondents' response and has been required to attend to previously-existing

4

responsibilities that prevented him from turning his full attention to this matter. Among other things, the undersigned has been responsible for drafting and filing the government's answering brief in *United States v. Shaun Salazar*, No. 19-3217 (10th Cir.), which is due to be filed on May 1, 2020, the same date respondents' response to Lee's Rule 59(e) motion is due in this case. As a result, respondents respectfully request an extension of 14 days to prepare and finalize its response.

10.     No prior extensions of time have been requested by respondents, and this extension is requested to allow sufficient time to prepare a complete and appropriate response to Lee's Rule 59(e) motion and not for any purpose of delay.

11.     The undersigned has contacted counsel for petitioner Lee, and they do not oppose this extension request.

Wherefore, respondents respectfully request that the Court grant this motion for a 14-day extension, until May 15, 2020, to file respondents' response to Lee's motion to alter or amend the Court's judgment under Federal Rule of Civil Procedure 59(e).

5

Respectfully submitted.

s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1258
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

April 28, 2020

6

## CERTIFICATE OF SERVICE

I certify that on April 28, 2020, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, U.S. Department of Justice
Criminal Division, Appellate Section
950 Pennsylvania Ave., N.W., Rm. 1258
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov