IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL LEWIS LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 2:19-CV-00468-JPH-DLP |
| | ) | (Capital Case) |
| WARDEN USP TERRE HAUTE, | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DANIEL LEWIS
LEE'S MOTION TO ALTER OR AMEND JUDGMENT**

The government submits this response to Daniel Lewis Lee's motion

under Federal Rule of Civil Procedure 59(e) to alter or amend this Court's

judgment denying his petition for a writ of habeas corpus. The Court should

deny the motion for the reasons stated below.

## BACKGROUND

1.     Petitioner Daniel Lewis Lee and co-defendant Chevie Kehoe

murdered William and Nancy Mueller and their eight-year-old daughter

Sarah Powell in 1996 in connection with their efforts to establish an

independent nation of white supremacists in the Pacific Northwest. In 1999,

Lee was convicted of three counts of capital murder and was sentenced to

death by a jury in the United States District Court for the Eastern District of

Arkansas. In the ensuing years, the Arkansas district court and the United

1

States Court of Appeals for the Eighth Circuit repeatedly upheld Lee's conviction and sentence on direct appeal and on collateral review under 28 U.S.C. § 2255. *See* Dkt. 14, at 3-6 (describing procedural history).[1]

2.  In July 2019, the government set December 9, 2019, as the date to carry out Lee's capital sentence, and Lee subsequently filed an array of new lawsuits and motions attacking his sentence and conviction. *See* Dkt. 38, at 2-4 (describing post-July 2019 filings). As relevant here, on September 26, 2019, Lee filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court, the district of his confinement. Dkt. 1. Lee also requested leave to conduct discovery in support of his habeas petition. Dkt. 18.

Lee's habeas petition asserted two claims that he had unsuccessfully raised in prior § 2255 motions in the Eastern District of Arkansas. First, Lee argued that he received ineffective assistance of counsel at sentencing because his lawyers allegedly failed to object adequately to cross-examination of a defense expert on the topic of psychopathy. Dkt. 1, at 6-18. Second, he argued that newly discovered evidence—namely information about a 1990 Oklahoma case in which Lee was initially charged with first-degree murder but later pleaded guilty to robbery—established that the government suppressed favorable evidence at his sentencing hearing, in violation of

---

[1] "Dkt." refers to docket entries in this case.

2

*Brady v. Maryland*, 373 U.S. 83 (1963), and used false evidence to obtain the death penalty, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959). Dkt. 1, at 41-59. According to Lee, a court document from that case (a fee application from Lee's defense attorney) showed that an Oklahoma judge made an on-the-record finding at a pretrial hearing that the evidence was insufficient to support first-degree murder charges against Lee. *See id.* at 41, 46-47, 50.

Lee argued (Dkt. 1, at 30-41) that the saving clause of § 2255(e) permitted him to raise these claims in a § 2241 habeas petition because § 2255 was "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Lee asserted that construing the saving clause to bar him from raising these claims in a habeas petition would amount to an unconstitutional suspension of the writ of habeas corpus. Dkt. 1, at 63-65.

3.      On December 5, 2019, this Court issued an order staying Lee's execution pending the Court's resolution of his habeas petition. Dkt. 27 (opinion); Dkt. 28 (order). As relevant here, the Court did not address whether Lee's ineffective-assistance claim supported a stay but concluded that his *Brady* and *Napue* claims justified a stay. Dkt. 27, at 2 & n.1. Relying on *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), the Court concluded that there was a "significant possibility" that § 2255 was inadequate and ineffective and therefore Lee's *Brady* and *Napue* claims would be cognizable in a § 2241 habeas petition if those claims rested on

newly discovered evidence. Dkt. 27, at 11-13. The Court also concluded a "significant possibility" existed that Lee would be able to "prove-up" his *Brady* and *Napue* claims. *Id.* at 14-16. The Court determined, however, that further proceedings were needed to determine whether Lee's *Brady* and *Napue* claims in fact rested on newly discovered evidence (which, by the Court's analysis, would make them cognizable in a habeas petition) and whether those claims were meritorious. *See, e.g.*, Dkt. 27, at 13, 18, 20.

The Seventh Circuit reversed and vacated the stay order. *Lee v. Watson*, No. 19-3399, 2019 WL 6718924 (7th Cir. Dec. 6, 2019). As relevant here, the Seventh Circuit determined that, although this Court had found "a 'significant possibility' that Lee may be able to meet the standard of § 2255(e)," which permits a § 2241 habeas petition if § 2255 is inadequate or ineffective, the Court had failed to make the required finding "that Lee is likely to succeed on the merits or that he has a 'strong' prospect of doing so." *Id.* at *1 (citation omitted). And "[a]s far as we can see," the Seventh Circuit continued, "the likelihood of success is slim." *Id.*

The Seventh Circuit noted that Lee "makes two substantive arguments—that he received ineffective assistance of counsel at sentencing and that the prosecutor concealed or suppressed exculpatory or impeaching evidence," and "[a]rguments of those kinds are regularly made and resolved under § 2255." 2019 WL 6718924, at *1. Specifically with respect to the

4

cognizability of Lee's *Brady* and *Napue* claims under the § 2255(e) saving

clause, the Seventh Circuit explained that it was not enough to find "that

there is a 'significant possibility' that Lee 'may' be able to satisfy the

standard of" *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). And

the Seventh Circuit determined that this Court "did not explain why there is

even a 'significant possibility' that the supposedly newly discovered evidence

is in fact newly discovered, as *Webster* uses that phrase." 2019 WL 6718924,

at *1. The Seventh Circuit explained that "[t]he principal 'newly discovered'

evidence on which Lee relies is a statement made on the record by a judge

decades ago and available from that state court." *Id.* "Indeed," the court

explained, "the statement was made in Lee's presence, and although he may

not have understood its potential significance that is some distance from the

information being concealed or unavailable." *Id.*

    4.    This Court subsequently denied Lee's habeas petition and his

motion for leave to conduct discovery. Dkt. 35, at 7-8. The Court concluded

that the § 2255(e) saving clause did not permit Lee to assert either his

ineffective-assistance claim or his *Brady* and *Napue* claims in a § 2241

habeas petition. *Id.* at 2-4. The Court determined (*id.* at 4-5) that the saving

clause foreclosed Lee's ineffective-assistance claim for the same reasons the

saving clause foreclosed the ineffective-assistance claim asserted by the

defendant in *Purkey v. United States*, No. 19-cv-414, 2019 WL 6170069 (S.D.

5

Ind. Nov. 20, 2019). With respect to Lee's *Brady* and *Napue* claims, the Court noted the Seventh Circuit's determination that the evidence Lee relied on to support those claims was not concealed or unavailable and therefore was not "newly discovered" as that phrase is used in *Webster v. Daniels*. Dkt. 35, at 6-7. The Court explained that the Seventh Circuit "did not hold that [Lee's *Brady* and *Napue*] claims do not meet the Savings Clause" but "provided specific reasons why those claims were not likely to succeed," and those reasons foreclosed this Court's prior reasons for concluding that Lee might be able to satisfy the saving clause. *Id.* at 7. In light of the Seventh Circuit's analysis, the Court concluded that Lee's *Brady* and *Napue* "claims do not meet the Savings Clause and thus cannot proceed in this § 2241 action." *Id.*

Lee now seeks reconsideration of the Court's ruling under Federal Rule of Civil Procedure 59(e). Dkt. 37. Lee claims that the Court committed manifest error and failed to address one of his arguments. *Id.* at 2-19.

## APPLICABLE LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). A party seeking reconsideration under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citation and quotation marks omitted). A Rule 59(e) motion "is not

6

appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment or to present evidence that was available earlier." *Id.* (citation omitted).

## ARGUMENT

The Court correctly concluded that the saving clause foreclosed both Lee's ineffective-assistance claim and his *Brady* and *Napue* claims. That legal conclusion mooted Lee's request for discovery and adequately disposed of Lee's Suspension Clause claim. Lee identifies no error in the Court's decision, let alone manifest error.

## I.   The Court Correctly Concluded that the Saving Clause Foreclosed Lee's Claims

The § 2255(e) saving clause provides that a federal defendant collaterally attacking his conviction or sentence must do so via § 2255 and may not do so via a habeas petition under 28 U.S.C. § 2241 unless § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Seventh Circuit has determined that the saving clause permits a § 2241 habeas petition "[o]nly in rare circumstances," *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), and in particular "in three instances," *Purkey*, 2019 WL 6170069, at *4-*5.

First, in a line of cases beginning with *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the court determined that the saving clause permits a habeas

petition that raises a claim of fundamental statutory error in a federal defendant's conviction or sentence (such as a conviction for conduct that is not criminal or erroneous application of a statutory minimum sentence) that could not have been asserted in the defendant's first § 2255 proceedings but is subsequently made viable by an intervening decision of statutory interpretation. *See, e.g.*, *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020). Second, in *Garza v. Lappin*, 253 F.3d 918, 921-23 (7th Cir. 2001), the court—finding the circumstances "closely analogous" to those in *Davenport*— concluded that the saving clause permitted a habeas petition asserting that the United States was bound by treaty to abide by an international tribunal decision that determined the defendant's death sentence was illegal, a claim that was "literally impossible" for the defendant to raise on direct appeal or in his § 2255 motion because the international tribunal's decision had not been issued by then. Third, in *Webster v. Daniels*, 784 F.3d 1123, 1135-44 (7th Cir. 2015) (en banc), the court determined that a federal defendant can use a habeas petition to raise of claim of categorical ineligibility for the death penalty (because of age or intellectual disability) based on newly discovered evidence that existed at the time of the prisoner's trial but was unavailable despite diligence by the defense.

This Court correctly concluded that none of these circumstances are present in Lee's case. The Court therefore appropriately concluded that the

8

saving clause legally barred both the ineffective-assistance claim and the *Brady* and *Napue* claims in Lee's habeas petition.

Lee incorrectly contends (Dkt. 37, at 6) that the Court improperly treated the Seventh Circuit's decision vacating this Court's stay order as the "law of the case" that directly resolved Lee's habeas petition. To start, this Court's conclusion that the saving clause barred Lee's ineffective-assistance claim necessarily did not follow from the Seventh Circuit's decision because that decision addressed only Lee's *Brady* and *Napue* claims, which were the basis for the stay order. And even with respect to Lee's *Brady* and *Napue* claims, this Court expressly acknowledged that "the Seventh Circuit's order in *Lee* did not hold that Mr. Lee's [*Brady* and *Napue*] claims do not meet the Savings Clause." Dkt. 35, at 7. The Court therefore did not treat the Seventh Circuit decision as directly deciding the cognizability of Lee's *Brady* and *Napue* claims but rather appropriately took into consideration the Seventh Circuit's analysis and reasoning. The Court's decision is correct and does not merit reconsideration.

### A.   Ineffective-Assistance Claim

Lee's habeas petition asserts a claim that he received ineffective assistance of counsel at his sentencing because his lawyers failed to object adequately to cross-examination of his expert witness on the topic of psychopathy. Dkt. 1, at 6-18. All the facts and law necessary to raise this

9

claim were available to Lee (and his lawyers) at the time he filed his § 2255 motion. In fact, by Lee's own account, the lawyers who represented him in his § 2255 motion did assert this ineffective-assistance claim in the § 2255 motion but were negligent because they did not adequately provide arguments and evidence in support of that claim (all of which were available to them at that time). *See, e.g.*, Dkt. 1, at 19.

As this Court concluded in rejecting another federal defendant's attempt to raise an ineffective-assistance claim in a § 2241 habeas petition, none of the three circumstances recognized by the Seventh Circuit as permitting a federal defendant to challenge his conviction or sentence in a habeas petition applies here. Unlike in the *Davenport* line of cases, Lee does not raise a statutory claim of error in his conviction or sentence and instead raises a constitutional claim of ineffective assistance of counsel. *See Purkey*, 2019 WL 6170069, at *7. In addition, in contrast to *Garza* and *Davenport*, Lee's ineffective-assistance claim does not rely on an intervening judicial decision (let alone, as in *Garza*, a decision from an international tribunal) that he was foreclosed from invoking in his § 2255 proceedings. To the contrary, Lee's ineffective-assistance claim merely required application of the established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which was decided decades before Lee filed his § 2255 motion. And in contrast to *Webster*, Lee does not purport to rely on newly discovered

10

evidence. *See Purkey*, 2019 WL 6170069, at \*7. To the contrary, Lee claims that all the evidence needed to raise the claim was available to the lawyers who represented him in his § 2255 proceedings and should have been presented to the court at that time. Dkt. 1, at 19. Furthermore, *Webster* is also inapplicable because Lee does not claim categorical ineligibility for the death penalty on the basis of age or intellectual disability. *See Purkey*, 2019 WL 6170069, at \*7.

In short, Lee cannot show that § 2255 was inadequate or ineffective merely because he failed to raise an ineffective-assistance claim that was available to him at the time he filed his § 2255 motion. "[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255." *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir. 1999). The saving clause "generally requires 'a structural problem in § 2255 [that] forecloses even one round of effective collateral review,' unrelated to the petitioner's own mistakes." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016) (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)).

In fact, Lee's situation is indistinguishable from that of the defendant in *Davenport* who filed a § 2241 habeas petition challenging his mandatory minimum sentence on grounds that were available to him at the time he filed his § 2255 motion. 147 F.3d at 609. The Seventh Circuit concluded that the

11

saving clause foreclosed the defendant's habeas petition because "[h]e had an unobstructed procedural shot at getting his sentence vacated." *Id.* Lee likewise had an unobstructed procedural shot at challenging his sentence in his § 2255 motion on the basis of the ineffective-assistance claim he now asserts in his habeas petition. The saving clause forecloses that claim.

Lee renews his argument (Dkt. 37, at 16-18) that the saving clause permits him to raise his ineffective assistance claim because of the Supreme Court's decisions in *Trevino v. Thaler*, 569 U.S. 413 (2013), and *Martinez v. Ryan*, 566 U.S. 1 (2012), which were decided after the denial of Lee's § 2255 motion. As this Court correctly concluded in *Purkey*, however, *Trevino* and *Martinez* provide no basis to conclude that the saving clause permits a defendant to use a § 2241 habeas petition to raise an ineffective-assistance claim that the defendant could have raised in his § 2255 motion. 2019 WL 6170069, at *8-*12; *see also* Dkt. 14, at 31-35 (explaining why *Trevino* and *Martinez* are inapposite here). Lee demonstrates no error in the Court's conclusion, let alone manifest error that would justify relief under Rule 59(e).

Lee claims (Dkt. 37, at 16-19) that *Purkey* is distinguishable because the § 2441 habeas petition in *Purkey* raised an ineffective-assistance claim that was entirely absent from the defendant's § 2255 motion whereas Lee's habeas petition (as characterized by Lee) asserts an ineffective-assistance claim that he raised in his § 2255 but merely failed to support adequately.

But this distinction, even if credited, makes no difference: In both circumstances, the defendants had an unobstructed shot to raise their ineffective-assistance claims in their § 2255 motions and therefore cannot use a § 2241 habeas petition to raise or supplement an ineffective-assistance claim. The facts and law (*Strickland*) needed to assert Lee's ineffective-assistance claim were established and known to Lee at the time of his § 2255 motion.

*Trevino* and *Martinez* arose in different contexts, addressed a different issue (procedural default of ineffective-assistance claims in habeas petitions brought by state prisoners under 28 U.S.C. § 2254), and did not change the legal standards governing Lee's raising an ineffective-assistance claim in his § 2255 motion. Both before and after *Trevino* and *Martinez*, a federal defendant may raise any ineffective-assistance claim he wishes for the first time in an initial § 2255 motion—in contrast to when a state prisoner raises an ineffective-assistance claim for the first time in a habeas petition under § 2254, procedural default rules do not apply. *See Massaro v. United States*, 538 U.S. 500, 503-05 (2003); *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005). And the substantive standard the federal defendant must satisfy to make out a meritorious ineffective-assistance claim (both before and after *Trevino* and *Martinez*) derives from *Strickland*. Because Lee had ample opportunity to raise his ineffective-assistance claim in his § 2255 motion, the

13

saving clause precludes him from raising that claim in a § 2241 habeas petition, and neither *Trevino* nor *Martinez* supports a different conclusion.

**B.     *Brady* and *Napue* Claims**

Lee's *Brady* and *Napue* claims derive from a court document from a 1990 Oklahoma case in which Lee was initially charged with first-degree murder but later pleaded guilty to robbery. *See* Dkt. 1, at 45-47. The document, a fee application filed by Lee's lawyer in the Oklahoma case, refers to a preliminary hearing held on December 13, 1990, and contains a notation stating that "[t]he matter came on for hearing before Judge Hall; District Attorney called witness; hearing held; Court finds crime of Murder I not established by evidence; Court reccomends [sic] a Dismissal of Murder I charges and State consider [sic] refiling on charge of Robbery I." Dkt. 1-13, at 2. From that notation, Lee posits a recreation of the preliminary hearing before the Oklahoma judge. According to Lee, the judge, at that hearing, "review[ed] . . . all the prosecution's evidence" and made a "judicial ruling that the prosecution could not even establish probable cause on a murder charge," Dkt. 1, at 47 (citing fee application), and "reject[ed] . . . any murder charge," *id.* at 48. Lee's habeas petition asserts that the government was constitutionally required under *Brady* to disclose the Oklahoma court's determination. *Id.* at 47-56. The petition further asserts that the government violated *Napue* by presenting false evidence that was inconsistent with what

Lee alleges took place at the 1990 preliminary hearing in Oklahoma court. *Id.* at 56-59.

This Court correctly concluded that Lee's *Brady* and *Napue* claims do not fall within any of the circumstances the Seventh Circuit has recognized as permitting a federal defendant to challenge his conviction or sentence in a § 2241 habeas petition. Lee does not claim that an intervening judicial decision (let alone a statutory-interpretation decision) permits him to raise a *Brady* or *Napue* claim that was foreclosed at the time of his § 2255 motion and therefore he cannot rely on *Davenport* or *Garza.* Lee instead must rely on *Webster*, asserting that the saving clause permits him to raise the *Brady* and *Napue* claims because he relies on newly discovered evidence. This Court correctly concluded, however, that the evidence Lee relies on for his *Brady* and *Napue* claims is not newly discovered as that phrase is used in *Webster*.

For purposes of *Webster*, newly discovered evidence means evidence that, even though it "existed before the time of the trial," was unavailable "despite diligence on the part of the defense," not because of "missteps by" the defense. 784 F.3d at 1140 (emphasis omitted); *see id.* at 1141 (defendant must present "previously existing evidence . . . that counsel did not uncover despite diligent efforts"). Lee's allegations of what took place at the preliminary hearing in Oklahoma court derive solely from the fee application his lawyer filed in that case, and that fee application was (and is) a publicly available

15

document accessible to anyone who exercises a modicum of diligence. Moreover, insofar as Lee alleges that the newly discovered evidence is not his lawyer's fee application but rather the judge's findings at that hearing (as recreated by Lee from the fee application), Lee and his lawyer were present at that hearing, and therefore the judge's findings were not only available to Lee but were actually provided to him at that hearing.

Lee contends (Dkt. 37, at 14-15) that the Seventh Circuit erroneously applied a diligence requirement to his *Brady* claim because, according to Lee, "the Supreme Court has explicitly rejected the notion that defense counsel's failure to discover exculpatory information relieves the prosecution of its constitutional duty of disclosure" under *Brady*. The government does not agree with Lee's characterization of the *Brady* standard, but regardless, Lee erroneously elides the requirements for a substantive *Brady* claim and the requirements a defendant must satisfy under the saving clause to raise a substantive claim of legal error in a § 2241 habeas petition. Even assuming a substantive *Brady* claim does not contain a diligence requirement, it is still the case that under *Webster*, in order for a defendant to satisfy the requirements of the saving clause, a defendant seeking to challenge his sentence in a § 2241 petition based on newly discovered evidence must show that the evidence was unavailable despite diligence on the part of the defense. Thus, assuming *Webster* applies to claims other than claims of

16

categorical ineligibility for the death penalty based on age or intellectual disability—which, as discussed below, it does not—Lee must satisfy the *Webster* diligence requirement to raise a *Brady* claim in a § 2241 habeas petition based on newly discovered evidence, regardless of the substantive requirements for a *Brady* claim.

In fact, Lee must satisfy the diligence requirement to raise any claim in his § 2241 petition based on newly discovered evidence (again, assuming *Webster* applies beyond claims of categorical ineligibility for the death penalty). Lee is therefore incorrect insofar has he contends (Dkt. 37, at 15) that the Seventh Circuit only applied its diligence determination to his *Brady* claim and not to his *Napue* claim and that therefore the Seventh Circuit's decision does not foreclose his *Napue* claim. Lee asserts that the same newly discovered evidence supports his *Brady* and *Napue* claims, and because Lee cannot satisfy the *Webster* diligence requirement and that evidence is therefore not newly discovered as that phrase is used in *Webster*, he cannot meet the saving clause requirements with respect to either his *Brady* or his *Napue* claims.

Lee has elsewhere conceded that the information about the 1990 Oklahoma preliminary hearing that he now uses to buttress his *Brady* and *Napue* claims was available to him at the time of his trial. In a letter to Attorney General Eric Holder dated November 4, 2014, Lee—again relying on

17

the fee application his lawyer filed in the Oklahoma case—asserted that he was not prosecuted for murder in the Oklahoma case "because a judge who heard the prosecution's case concluded that Mr. Lee was not liable for the homicide." Letter from Ruth E. Friedman to Attorney General Eric Holder, p. 15 (Nov. 4, 2014) (on file with government). By Lee's own account, this information "was available to, yet never pursued by, [his] trial or post-conviction counsel." *Id.* at 14. Lee's concession forecloses his argument that the evidence that he relies on in his habeas petition is newly discovered for purposes of *Webster*.

Lee does not acknowledge his earlier concession and instead now claims in his reconsideration motion that the pertinent newly discovered evidence is not the fee application or the Oklahoma judge's on-the-record findings but instead consists of unspecified evidence that may exist in "[t]he prosecution's files" and that supposedly might demonstrate the government's knowledge of the Oklahoma judge's on-the-record findings. Dkt. 37, at 11-12. To the extent Lee deviates from the position he staked in his § 2241 habeas petition, he cannot use a Rule 59(e) motion to advance new arguments or theories, but regardless, Lee's latest theories fare no better than those in his petition. To start, evidence that Lee speculates might exist does not constitute evidence that he has newly discovered. Nonetheless, even assuming the 1999 federal prosecution team was aware of findings the Oklahoma judge had made at

18

Lee's 1990 preliminary hearing—and, to be clear, the government currently does not have a basis to evaluate the accuracy of Lee's allegations about judicial findings at the 1990 hearing in Oklahoma state court, let alone a basis to conclude that the 1999 federal prosecution team was aware of purported judicial findings at that hearing—that purported awareness would be beside the point given that the on-the-record judicial findings themselves were nonetheless available to Lee and therefore cannot be newly discovered as that term is used in *Webster*.[2]

Lee also contends (Dkt. 37, at 13-14) that the Oklahoma judge's findings qualify as newly discovered evidence even though he was present at the hearing at which the judge allegedly made those findings because in *Webster* the Seventh Circuit found that the results of psychological tests could be newly discovered evidence even though the defendant was present at the testing. But the defendant in *Webster* did not receive the results of the testing, whereas Lee was present when the Oklahoma judge allegedly announced his findings, and those findings were announced on the record in open court. Moreover, not only was Lee present, but so was his lawyer, and "an attorney is the agent of her client, and an agent's knowledge is imputed

---

[2] The government reiterates that it does not concede the Oklahoma judge made the findings alleged by Lee (based on the fee application), let alone that the federal prosecution team was aware of those findings.

19

to her principal." *Washington v. Parkinson*, 737 F.3d 470, 473 (7th Cir. 2013).

Any findings the Oklahoma judge announced at Lee's 1990 preliminary

hearing, in the presence of Lee and his lawyer, were far from "unavailable."[3]

Finally, the saving clause also bars Lee's *Brady* and *Napue* claims for

reasons not fleshed out by the Court in its decision but incorporated by

reference from its *Purkey* decision. *See* Dkt. 35, at 4 ("Those legal standards

are incorporated here by reference."). As the Court explained in *Purkey*, the

*Webster* case held that the saving clause may permit a habeas petition

relying on newly discovered evidence, but only if the evidence "show[s] that

the petitioner is constitutionally ineligible for the penalty he received," and

"[b]ecause the Supreme Court has declared only two types of persons (minors

and the intellectually disabled) categorically ineligible for a particular type of

punishment, [the *Webster*] ruling is as a matter of law limited to that set of

people—those who assert that they fell into one of these categories at the

time of the offense." 2019 WL 6170069, at *6-*7 (quoting *Webster*, 784 F.3d at

1140 n.9). The Seventh Circuit made clear that this and other limitations in

---

[3] Lee contends (Dkt. 37, at 11) that Judge Leon Holmes in the Eastern District of Arkansas rejected the public availability of the information Lee now characterizes as newly discovered, but to the contrary, Judge Holmes found that "the Oklahoma court record upon which [Lee] now relies is public information." Docket Entry 1313, at 19, *United States v. Lee*, No. 97-CR-243 (E.D. Ark. Feb. 26, 2019).

20

its *Webster* decision would prevent a "'flood'" of § 2241 petitions. *Id.* Because Lee's *Brady* and *Napue* claims do not assert that he is categorically ineligible for the death penalty because of age or intellectual disability, the saving clause as construed in *Webster* does not permit his habeas petition.[4]

### C.   The Court's Legal Conclusions Resolve Lee's Discovery Request

This Court's legal resolution of Lee's habeas petition necessarily resolved his request for discovery. Because the § 2255(e) saving clause legally bars Lee from raising his ineffective-assistance claim and his *Brady* and *Napue* claims in a § 2241 habeas petition even when the record is construed in a manner most favorable to Lee, he is not entitled to discovery. Permitting Lee discovery to support claims that are legally barred would merely allow Lee to conduct an improper "fishing expedition." *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007).

## II.   Lee's Suspension-Clause Claims Do Not Justify Rehearing

Lee asserts (Dkt. 37, at 19-20) that the Court should grant rehearing because the Court did not separately and explicitly reject his argument that construing the saving clause to bar his habeas petition would

---

[4] As the government explained in responding to Lee's habeas petition, *Webster* cannot extend to all claims based on newly discovered evidence because otherwise § 2255(h)(1)'s limitations on second or successive § 2255 motions based on newly discovered evidence would be a dead letter. *See* Dkt. 14, at 36-37.

21

unconstitutionally suspend the writ of habeas corpus. Lee fails to demonstrate a manifest error requiring rehearing, however, because this argument is plainly foreclosed by binding authority. The Seventh Circuit has determined that "[h]abeas corpus as a postconviction remedy is not the type of habeas corpus to which [the Suspension Clause] was referring when it provided that Congress can suspend the writ only in times of invasion or rebellion." *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). And although the Supreme Court has not decided that question, it has determined that even assuming the Suspension Clause is applicable to habeas corpus as a postconviction remedy, the restrictions on second or successive habeas petitions in the Antiterrorism and Effective Death Penalty Act of 1996 do not amount to a suspension of the writ. *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing 28 U.S.C. § 2254). This Court need not grant rehearing to expressly reject fallback arguments by Lee that plainly lack merit.

22

## CONCLUSION

For the foregoing reasons, this Court should deny Lee's reconsideration motion.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney
Southern District of Indiana

MICHAEL GORDON
Assistant United States Attorney
Eastern District of Arkansas

BRIAN A. BENCZKOWSKI
Assistant Attorney General

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1258
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

May 15, 2020

23

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of

the Court for the United States District Court for the Southern District of

Indiana using the CM/ECF system on May 15, 2020. I certify that all

participants in the case are registered CM/ECF users and that service will be

accomplished by the CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1258
Washington, D.C. 20530
(202) 307-3766

24