**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

**DANIEL LEWIS LEE,**
           **Petitioner,**

**vs.**                                       **Case No. 2:19-cv-00468-JPH-DLP**

                                                 **CAPITAL CASE**

**WARDEN, USP-TERRE HAUTE
UNITED STATES OF AMERICA,**
           **Respondents.**

## REPLY TO RESPONSE TO RULE 59 MOTION

For two decades the Government has failed to disclose evidence to Mr. Lee, evidence so crucial to his capital sentencing that a federal court has already determined its disclosure would likely have been the difference between life and death. *United States v. Lee*, No. 4:97-cr-00243 (E.D. Ark.), Dkt. 1313 at 14. Instead of simply turning over the evidence and allowing a court to review it, the Government has repeatedly and consistently hidden behind obfuscation, outright misrepresentation, and procedural technicalities. Unfortunately, Respondent's latest pleading before this Court continues this strategy. Mr. Lee files this reply to address the more egregious errors and misstatements regarding reconsidering the judgment.

### I.    RESPONDENT CONTINUES TO INCORRECTLY CHARACTERIZE THE *BRADY* AND *NAPUE* ISSUES BEFORE THIS COURT.

Respondent's argument is based on both a misrepresentation of Mr. Lee's claims and an erroneous application of the legal standard at this stage of the proceedings.

### A.  Mr. Lee's *Brady* and *Napue* claims do not rise and fall with the fee application.

Respondent again argues (as it has done in almost every prior pleading about this issue) that Mr. Lee's claims must fail because they are premised on allegations the Government

suppressed a "fee application" it asserts was publicly available. *See* Government Response, Dkt. 41 (hereafter "GR") at 15-16. The Government also derisively asserts that Mr. Lee is "now claim[ing] in his reconsideration motion that the pertinent newly discovered evidence is not the fee application or the Oklahoma judge's on-the-record findings but instead consists of unspecified evidence that may exist in '[t]he prosecution's files'…" GR at 18. Respondent insinuates that this is a "deviat[ion] from the position he staked in his § 2241 habeas petition." *Id*.

It is outrageous that the Government continues to press this misrepresentation. Mr. Lee's claim is not, and never has been, that the prosecution suppressed a fee application. The *Brady* and *Napue* claims allege that the Government suppressed—*and continues to suppress*— exculpatory evidence in its possession about the actual resolution of the Oklahoma case and that it knew or should have known its arguments to his capital jury were misleading. This Court correctly described Mr. Lee's claims in its prior order. Dkt. 27 at 15, 18-20. And as Mr. Lee noted in the Rule 59 motion, Judge Leon Holmes previously explicitly rejected the Government's misleading framing of the claims. Dkt. 37 at 11.[1]

**B. Under the correct standard before this Court, Mr. Lee is entitled to further process, and this Court's order denying his petition is in error.**

The Government presents two arguments to explain why it believes Mr. Lee's misconduct claims were properly resolved. Both are specious. First, it argues that, whether or not the evidence was previously available, Mr. Lee's claims are barred in general by § 2241 "for

---

[1] In its response the Government misconstrues this argument: "Lee contends that Judge Leon Holmes in the Eastern District of Arkansas rejected the public availability of the information Lee now characterizes as newly discovered…" GR at n.3. Mr. Lee did no such thing. Careful reading of the cited paragraph, *see* Dkt. 37 at 11, shows that Mr. Lee was once again correcting the Government's distorted reading of his claims.

reasons not fleshed out by [this] Court in its decision but incorporated by reference from its *Purkey* decision." GR at 20. Even apart from the fact that these purported bases were *not* mentioned in this Court's decision, this argument fails on its face. This Court clearly did not deny Mr. Lee's claims on this ground. In fact, as this Court noted explicitly, "the Seventh Circuit's order in *Lee* did not hold that Mr. Lee's due process claims do not meet the Savings Clause." Dkt. 35 at 7. Thus, despite Respondent's wishes, neither this Court nor the Seventh Circuit held that the alleged government misconduct in Mr. Lee's case could never support § 2241 relief; both pointed only to the issue of whether the evidence was newly discovered.

The Government's argument about the newly discovered evidence issue, *see* GR at 15-16, misses the mark too for several reasons. First, as discussed above, Mr. Lee's claim is not (and never has been) an allegation that the prosecution suppressed a fee application, and to the extent its argument is based on that supposition, it is erroneous.[2]

Second, the Government fails to address the crucial issue raised by Mr. Lee in his Rule 59 motion: the improper denial of Mr. Lee's claims based on conflating the circuit court's determination of "likelihood of success" with resolution of the merits. Dkt. 37 at 3-5. Respondent never defends this Court's reliance on the "likelihood of success" standard in denying Mr. Lee's misconduct claims. Indeed, Respondent never even mentions *University of Texas v. Camenisch*, 451 U.S. 390, 394 (1981), or the other relevant cases cited by Mr. Lee. In his habeas petition, Mr. Lee properly pleaded his claims and, respectfully, it is manifest error for

---

[2] Additionally, as this Court previously correctly noted, even to determine whether the fee application itself was publicly available *at the time* requires further inquiry: "As to the United States' argument that publicly available evidence cannot be suppressed under *Brady*, at best, more information is needed to determine whether the alleged *Brady* information was publicly available at the time. All the United States has offered is that the fee application 'is listed on the public docket sheet from the Oklahoma case and contained within the publicly-available court file.'" Dkt. 27 at 20 n.7.

this Court to reject those claims based on the wrong standard of whether they are "likely" to succeed. *See* Dkt. 37 at 3-6.

It is also premature to assume that his prosecutorial misconduct claims are not based on newly discovered evidence. Whether the evidence supporting Mr. Lee's misconduct claims is newly discovered for purposes of § 2241 cannot yet be determined because *it has still never been disclosed*. *See* Dkt. 27 at 18-20. Discovery is required before this Court can resolve that issue. There is a strong possibility that crucial evidence supporting Mr. Lee's claims is in the Government's possession. As this Court previously found:

> In addition to the fee application from the Oklahoma case file there is evidence that Federal Bureau of Investigation ("FBI") Agents traveled to Oklahoma "to review and obtain all records" regarding Mr. Wavra's murder, and that they reviewed the local prosecutor's file on the Wavra case. The United States does not dispute Mr. Lee's contention that none of the information or records gained from this investigation was disclosed to Mr. Lee.

Dkt. 27 at 19 (internal citations omitted).

Contrary to the prosecution's protestations, § 2241 does not preclude such an inquiry and process. Indeed, in *Webster v. Daniel*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit clearly held that discovery is available to determine *whether* the threshold § 2241 criteria of "newly discovered evidence" has been met. *Id.* at 1146 (Before reaching the merits, "[t]he district court must hold a hearing for the purpose of deciding whether the...records were indeed unavailable…").

Such discovery is necessary here, a fact highlighted again by the Government's response to the Rule 59 motion. Respondent, for instance, claims that "Lee and his lawyer were present at that [Oklahoma] hearing, and therefore the judge's findings were not only available to Lee but were actually provided to him at that hearing." GR at 16. There is no such proof in the record. In fact, apart from the fee application, the undersigned have been unable to find any record of the

4

judge's ruling at all. Undersigned counsel have spoken to the court clerks and various attorneys on multiple occasions and no one can find the hearing transcript, any fact findings by the judge, or any other detail about the court's rulings. There is no evidence that Mr. Lee was present when the judge ordered the case dismissed.[3] This Court previously noted that discovery is necessary on these issues, Dkt. 27 at 18, 20, and Respondent's recent pleading supports that position. GR at 19 ("[T]o be clear, the government currently does not have a basis to evaluate the accuracy of Lee's allegations about judicial findings at the 1990 hearing in Oklahoma state court, let alone a basis to conclude that the 1999 federal prosecution team was aware of purported judicial findings at that hearing.")

This Court has cited evidence that the federal prosecution team reviewed the Oklahoma prosecutors' file on the Wavra case and noted that this material has never been disclosed to Mr. Lee. Dkt. 27 at 19. Evidence in this file would be "newly discovered" as defined by *Webster, supra.* And this file alone may answer the question of why and how the Oklahoma case was resolved. It is manifest error to substitute the appellate court's preliminary injunction standard in place of the proper review of a habeas petition.

## II.    RESPONDENT MISUNDERSTANDS MR. LEE'S *TREVINO* ISSUE.

The Government asserts that Mr. Lee's ineffectiveness claim cannot be reviewed in a § 2241 petition and is foreclosed by *Purkey v. United States*, No. 2:19-cv-00414-JPH-DLP (S.D.

---

[3] This discrepancy is actually underscored by the Government's own refusal to even admit what happened in the Oklahoma proceeding. *See* GR at 19 n.2 (Government "does not concede the Oklahoma judge made the findings alleged by Lee (based on the fee application), let alone that the federal prosecution team was aware of those findings."). In other words, according to the Government, 17-year-old Danny Lee allegedly understood the judge's actions because they occurred in open court yet the prosecution – the subject of the judge's order -- was unaware of it and does not believe it even happened. Discovery can resolve these contradictions.

Ind. Nov. 20, 2019).[4] According to the Government, § 2255 is not inadequate or ineffective in this case because the facts and law supporting Mr. Lee's IAC claim "were established and known to Lee at the time of his § 2255 motion." GR at 13. Respondent also argues that Mr. Lee's claim "does not rely on an intervening judicial decision" but rather "merely required application of the established standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)." *Id*. at 10. These arguments misunderstand the nature of the issue in Mr. Lee's case.

Unlike Mr. Purkey, Mr. Lee is not arguing that he is entitled to § 2241 review directly because of his § 2255 lawyers' failures. Mr. Lee is not suggesting, as Mr. Purkey did, that *Trevino* and *Martinez* created a new right to litigate under § 2241. Rather, Mr. Lee's right to §2241 review arises from the unique procedural defect that occurred in his § 2255 proceeding: namely, the Eighth Circuit's rejection of Rule 60(b) as a proper avenue to remedy the failures of his § 2255 counsel.[5] Section 2255 was inadequate in Mr. Lee's case because the particular application of Rule 60(b) in his case denied him "an unobstructed procedural shot" at litigating his claim in his § 2255. *See* Dkt. 37 at 15-19.

This Court and the Government distinguish *Ramirez* asserting that its holding has no bearing on § 2241. *See* Dkt. 37 at 5 (citing to *Purkey, supra* at 22) ("[A]pplying *Martinez-Trevino* to the narrow circumstances of a Rule 60(b) motion in a §2255 proceeding does not create a rule that federal prisoners must have an alternative way to raise ineffective assistance of

---

[4] The Government also argues that *Trevino* and *Martinez* have no bearing on a federal death sentence at all. This Court correctly rejected that proposition. Dkt. 35 at n.2 ("*Ramirez [v. United States*, 799 F.3d 845 (7th Cir. 2015)] extended *Martinez* and *Trevino* to 28 U.S.C. §2255 proceedings, allowing a petitioner to challenge § 2255 counsel's effectiveness in a Rule 60(b) motion.").

[5] In *Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015), the *en banc* court similarly found the Savings Clause proper based on a circuit's particular statutory interpretation. The circuit explained that while it might have interpreted the statute differently, it was bound by the Fifth Circuit's ruling and had to approach the § 2241 question accordingly. *Id*. at 1134, n. 4 & n. 5.

postconviction counsel when § 2255 is closed.") But this misunderstands Mr. Lee's claim. He is not asking this Court to "expand" *Ramirez* to "involve the Savings Clause question." Dkt. 35 at 4-5. He is showing that his § 2255 proceeding precluded application of "the *Martinez-Trevino* doctrine, as extended in *Ramirez,*" *id*. at 4, and thus he did not have "an unobstructed procedural shot at getting his sentence vacated." It is this distinction, unique to Mr. Lee's § 2255, that sets his case apart and requires more than a simple citation to *Purkey*.

**III.    THE RULE 59 MOTION SHOULD BE GRANTED BECAUSE THE COURT FAILED TO ADDRESS ALL OF MR. LEE'S CLAIMS.**

The Government does not dispute that this Court failed to rule on Mr. Lee's claim that barring review of his case would create an unconstitutional suspension of the writ. Nor does the Government cite to a case that suggests such a failure is not error or attempt to distinguish the cases cited by Mr. Lee holding that it is. Instead, Respondent seems to be arguing that a court can simply ignore a properly pleaded claim if the Government believes the "argument is plainly foreclosed by binding authority." GR at 22. There is no authority supporting such a rule and the prosecution cites none.

Moreover, Mr. Lee's claim is, in fact, meritorious. Despite Respondent's assertion, *Felker v. Turpin*, 518 U.S. 651 (1996) does not address the suspension problem implicated here. The *Felker* Court rejected a Suspension Clause challenge to the gatekeeping provisions of § 2244(b), finding them akin to a "res judicata" rule rather than a deprivation of the writ. But Mr. Lee's problem is that, if recourse to the safety valve and to § 2241 is denied him, he will have been deprived of habeas review of his claims *altogether* – both as to his *Brady* and *Napue* issues, where the Government successfully hid the factual basis of the claims until after the § 2255

proceedings concluded, and regarding his ineffective assistance of trial claim concerning the

bogus PCL-R presentation.[6]

### CONCLUSION

WHEREFORE, Daniel Lee respectfully requests this Court reconsider its opinion of

March 20, 2020, and allow him, once the facts are developed, to prove he can succeed on the

merits of his claims.

Respectfully submitted,

| | |
|---|---|
| \s\ Morris H. Moon | \s\ George G. Kouros |
| Morris H. Moon | George G. Kouros |
| Assistant Federal Public Defender | Assistant Federal Public Defender |
| Federal Capital Habeas Project | Federal Capital Habeas Project |
| 6411 Ivy Lane, Suite 710 | 6411 Ivy Lane, Suite 710 |
| Greenbelt, MD 20770 | Greenbelt, MD 20770 |
| (713) 880-3556 | (301) 821-0855 |
| Morris_Moon@fd.org | George_Kouros@fd.org |

---

[6] Contrary to the Government's assertion, both *Felker* and the *Morales* case "assumed that the suspension clause is applicable to habeas corpus as a postconviction remedy." *Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (citing *Felker*, 518 U.S. at 663–64). GR at 22.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the Southern District of Indiana using the CM/ECF system on

May 22, 2020. I certify that all the participants in the case are registered CM/ECF users and that

service will be accomplished by the CM/ECF system

<u>/s/Morris H. Moon</u>
MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

Counsel for Daniel Lee