## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

**DANIEL LEWIS LEE,**
              **Petitioner,**

**vs.**                                             **Case No. 2:19-cv-00468-JPH-DLP**

                                                **CAPITAL CASE**

**WARDEN, USP-TERRE HAUTE**
**UNITED STATES OF AMERICA,**
              **Respondents.**

### NOTICE OF PERTINENT AUTHORITY

Mr. Lee hereby provides notice of two recent legal developments relevant to his pending motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). *See* Dkt. Nos. 37 & 42.

First, on June 1, 2020, the Supreme Court issued an opinion holding that a Rule 59(e) motion is "part and parcel of the first habeas proceeding." *Banister v. Davis*, 590 U.S. ___, 2020 WL 2814300 at *2 (2020).

Second, on June 16, 2020, the Seventh Circuit heard oral argument in *Purkey v. Warden*, No. 19-3318.[1] The Government conceded that if § 2255 counsel's performance "created a procedural bar to hearing the [ineffective assistance] claim, then I think [Fed. R. Civ. P.] 60(b) is the avenue [for an equitable remedy]." Oral Arg. Tr. at 30. Judge Wood also observed that under its opinion in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), a "true" 60(b) motion is "still inside the boundaries of the original 2255." *Id*. at 27. *See also* Government's argument at 26 ("But the equitable principles come to play with regard to procedural barriers to having the claim

---

[1] An unofficial transcript, prepared at counsel's direction, is attached. An audio recording of the argument is available at: http://media.ca7.uscourts.gov/sound/external/mn.19-3318.19-3318_06_16_2020.mp3 (last visited June 18, 2020).

heard in the initial 2255. And very importantly *Ramirez* is staged within the 2255 framework. It is asking the question within someone's initial 2255, [Mr. Purkey's] case is asking us to take it without.").

Taken together, these developments support Mr. Lee's argument that § 2255 was inadequate and ineffective in his case, and therefore resort to the Savings Clause is appropriate: the § 2255 court procedurally barred full merits review of Mr. Lee's Sixth Amendment claim due to § 2255 counsel's ineffectiveness during the Rule 59(e) proceeding, which is "part and parcel" of the § 2255 proceeding. After the intervening decision in *Trevino v. Thaler,* 569 U.S. 413 (2013), Mr. Lee sought 60(b) relief—also "inside the boundaries of the original 2255"—to remedy the procedural bar, just as the movant in *Ramirez* did. But because the Eighth Circuit refused to recognize the applicability of *Trevino* in Rule 60(b) motions filed in a § 2255 proceeding, Mr. Lee was denied "an unobstructed procedural shot" at receiving full merits review of his § 2255 claim. *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Accordingly, this Court should grant Mr. Lee's pending motion for reconsideration, find that it has jurisdiction to consider his § 2241 petition, and, once the facts are developed, proceed to the merits of his Sixth Amendment claim.

Respectfully submitted,

\s\ Morris H. Moon
Morris H. Moon
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

\s\ George G. Kouros
George G. Kouros
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system on June 18, 2020. I certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system

/s/George G. Kouros
GEORGE G. KOUROS
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

Counsel for Daniel Lee