UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL LEWIS LEE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00468-JPH-DLP ) |
| WARDEN USP TERRE HAUTE, et al. | ) ) |
| Respondents. | ) |

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Daniel Lewis Lee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his death sentence. This Court entered an order staying Mr. Lee's execution. The Seventh Circuit vacated that order and on remand, this Court denied Mr. Lee's § 2241 petition, holding that his claims are barred by 28 U.S.C. § 2255(e). Mr. Lee filed a Rule 59(e) motion to alter or amend judgment, and the motion is fully briefed. For the reasons that follow, Mr. Lee's motion is denied.[1]

To obtain relief under Rule 59(e), a movant must show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Mr. Lee argues that the Court committed manifest errors of law and fact by (1) concluding that his claim for relief was foreclosed by the Seventh Circuit's order vacating the stay; (2) conflating the legal standard for evaluating a motion for a stay of execution with the legal standard for evaluating

---

[1] The government has reset Mr. Lee's execution date for July 13, 2020. Dkt. 43.

1

the merits of his petition; (3) denying him the ability to conduct discovery; (4) finding that his ineffective assistance of counsel claim could not proceed under Section 2241; and (5) failing to consider all of his arguments and claims.

Mr. Lee first argues that the Court erred in denying his § 2241 petition without authorizing discovery on the question of whether his *Napue* and *Brady* claims satisfy the § 2255(e) exception outlined in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Dkt. 37 at 2-10. He contends that the Court applied the wrong legal standard and misunderstood the Seventh Circuit's order vacating the stay.

To satisfy the § 2255(e) savings clause using the path outlined in *Webster*, a petitioner must proffer newly discovered evidence. 784 F.3d at 1140. Mr. Lee sought to discover allegedly suppressed evidence that would allow him to satisfy § 2255(e), which in turn would enable the Court to consider the merits of his § 2241 petition. Dkt. 37 at 11 ("Mr. Lee has asserted that the Government suppressed—*and continues to suppress*—evidence in its possession showing that it knew the details of the actual resolution of the Oklahoma case and that the details of that resolution contain exculpatory information."). Mr. Lee argues that this Court and the Seventh Circuit missed the point and mistakenly believed his argument to be that the fee petition was the only newly discovered evidence.

But the Court understood Mr. Lee's position. *See* dkt. 27 at 18 (opinion and order staying execution) ("Mr. Lee responds that the information surrounding Mr. Lee's guilty plea to the robbery charge, rather than the fee application, is the *Brady* material. In other words, Mr. Lee says the fee

2

application is only *evidence of* a *Brady* violation."). The Seventh Circuit similarly considered and rejected Mr. Lee's argument. There is no indication that the panel did not understand or ignored this argument. The Seventh Circuit found that the fee application cannot be considered "newly discovered" evidence under *Webster*. *Lee v. Watson*, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019). *Id.* With due diligence, counsel could have accessed the fee application and used it in Mr. Lee's original § 2255 motion to bring *Brady* and *Napue* claims and to seek the discovery that he now seeks in this § 2241 action. Because the fee application was not concealed or unavailable, Mr. Lee cannot rely on it to satisfy § 2255(e)'s savings clause and litigate a § 2241 action to pursue other evidence that he believes the government to possess, dkt. 37 at 11.

Mr. Lee also takes issue with the Seventh Circuit's application of the due diligence standard, dkt. 37 at 13−15, but this Court is bound by the Seventh Circuit with respect to this legal question. And Mr. Lee has not shown that this Court committed a manifest error in applying the due diligence standard articulated by the Seventh Circuit in assessing whether his evidence was "newly discovered" under *Webster*. *See* dkt. 35 at 7 ("[E]vidence is not newly discovered under *Webster* 'if the defense could have accessed it with due diligence.'" (quoting *Lee*, 2019 WL 6718924, at *1)).

Unlike *Webster*, where new counsel uncovered and identified previously unavailable evidence in the form of records, 784 F.3d at 1132, Mr. Lee argues that there *may* exist some type of previously undisclosed evidence. Because § 2255 gave Mr. Lee a viable route to discovery of the evidence sought by his

3

petition, he cannot show that § 2255 was "inadequate or ineffective" or that the Court committed manifest error by denying his *Brady* and *Napue* claims on § 2255(e) grounds.

Mr. Lee further argues that the Court committed manifest error when it denied his ineffective assistance of counsel claim. The Seventh Circuit has extended *Martinez v. Ryan*, 566 U.S. 1 (2012), to allow a federal prisoner to argue in a Rule 60(b) motion that § 2255 counsel's ineffectiveness prevented the prisoner from properly litigating trial counsel's effectiveness. *Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015). But neither the Seventh Circuit nor the Supreme Court has held that a federal prisoner may rely on § 2255 counsel's ineffectiveness to satisfy § 2255(e)'s savings clause. While the Seventh Circuit is now considering that question, *see* dkt. 44-1 (transcripts of oral argument in *Purkey v. United States*, No. 19-3318 (7th Cir.)), under existing law Mr. Lee cannot show manifest error in the Court's holding that § 2255(e) bars his ineffective assistance claim. *Purkey v. United States*, No. 2:19-cv-00414, dkt. 76 (Nov. 20, 2019) (collecting cases where courts considered and rejected the argument that ineffective assistance of trial counsel claims relying on *Martinez-Trevino* meet the Savings Clause).

Mr. Lee's last argument is that the Court erred in not addressing his claim that applying § 2255(e) to bar his § 2241 petition would result in an unconstitutional suspension of the writ of habeas corpus. Dkt. 37 at 18−19. The Seventh Circuit has defined the scope of § 2255(e)'s savings clause to avoid violation of the Constitution's Suspension Clause. *See Worman v. Entzel*, 953

4

F.3d 1004, 1008 (7th Cir. 2020); *cf. Webster*, 784 F.3d at 1152 (Easterbrook, J., dissenting) (citing *United States v. Hayman*, 342 U.S. 205 (1952)) (noting that "if some application of § 2255 would conflict with the Suspension Clause, a district court could [use § 2255(e)] to proceed under § 2241 without any need to hold § 2255 unconstitutional"). The Court now makes explicit what was implicit in its order denying relief: application of § 2255(e) to bar Mr. Lee's petition does not violate the Suspension Clause.

Because Mr. Lee has failed to show that the Court's order denying relief rests on a manifest error of law or fact, his motion to alter or amend judgment, dkt. [37], is **DENIED**.

**SO ORDERED.**

Date: 6/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Scott Gordon
US Attorney's Office - Eastern District of Arkansas
michael.gordon@usdoj.gov

George Gust Kouros
FEDERAL CAPITAL HABEAS PROJECT
george_kouros@fd.org

Morris H. Moon
FEDERAL CAPITAL HABEAS PROJECT
Morris_Moon@fd.org

John M. Pellettieri
U.S. DEPARTMENT OF JUSTICE
john.pellettieri@usdoj.gov