**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

**DANIEL LEWIS LEE,**
              **Petitioner,**

**vs.**                                                    **Case No. 2:19-cv-00468-JPH-DLP**

                                                            **CAPITAL CASE**
**WARDEN, USP-TERRE HAUTE**                **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA,**             **JULY 13, 2020 at 8:00 a.m. EST**
             **Respondents.**

## NOTICE OF APPEAL

PLEASE TAKE NOTICE that Petitioner, Daniel Lewis Lee, by his undersigned counsel, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Opinion and Order of the District Court, Hon. James Patrick Hanlon, United States District Judge, denying Petitioner's *Petition for Writ of Habeas Corpus* and *Motion for Leave to Conduct Discovery*, and judgment thereon, entered on March 20, 2020. (Dkts. 35 & 36); and the Order denying Petitioner's *Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e)*, entered on June 26, 2020. (Dkt. 45).

                        Respectfully submitted,

\s\ Morris H. Moon                          \s\ George G. Kouros
Morris H. Moon                              George G. Kouros
Assistant Federal Public Defender           Assistant Federal Public Defender
Federal Capital Habeas Project              Federal Capital Habeas Project
6411 Ivy Lane, Suite 710                    6411 Ivy Lane, Suite 710
Greenbelt, MD 20770                         Greenbelt, MD 20770
(713) 880-3556                              (301) 821-0855
Morris_Moon@fd.org                          George_Kouros@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system on June 26, 2020. I certify that all the participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system

<u>/s/Morris H. Moon</u>
MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

Counsel for Daniel Lewis Lee

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**


**DANIEL LEWIS LEE,**
                     **Petitioner,**


**vs.**                                          **Case No. 2:19-cv-00468-JPH-DLP**


                                                 **CAPITAL CASE**
**WARDEN, USP-TERRE HAUTE**                       **EXECUTION SCHEDULED FOR**
**UNITED STATES OF AMERICA,**                     **JULY 13, 2020 at 8:00 a.m. EST**
                     **Respondents.**


## DOCKETING STATEMENT

Pursuant to Rules 3(c)(1) and 28(a) of the Circuit Rules for the United States Court of

Appeals for the Seventh Circuit, Petitioner-Appellant Daniel Lee hereby submits his Docketing

Statement:

(1)    The jurisdiction of the United States District Court for the Southern District of Indiana in the above-captioned matter is based upon 28 U.S.C. § 2241.

(2)    The United States Court of Appeals for the Seventh Circuit has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 2253(a), in that this is an appeal from a final judgment and order in a habeas corpus proceeding. Mr. Lee further provides the following particulars:

   (i)    The order sought to be reviewed, and judgment thereon, were entered on March 20, 2020 (Dkts. 35 & 36);

   (ii)   The *Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e)*, which tolled the time within which to appeal, was filed on April 17, 2020 (Dkt. 37);

   (iii)  The order denying the *Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e)* was entered on June 26, 2020 (Dkt. 45);

   (iv)   The Notice of Appeal in this matter was filed on June 26, 2020;

(3)    This appeal is from a final judgment and from all orders subsumed therein, including the District Court's March 20, 2020 Entry on *Petition for Writ of Habeas Corpus* and *Motion*

*for Leave to Conduct Discovery*, and June 26, 2020 Entry on *Motion to Alter or Amend Pursuant to Federal Rule of Civil Procedure 59(e)*.

(4)     There is one prior related appellate proceeding. In *Daniel Lee v. T. J. WATSON, Warden, et al.,* No. 19-3399 (7th Cir. Dec. 6, 2019), the Circuit Court vacated the District Court's *sua sponte* order to stay Mr. Lee's execution.

(5)     There is no prior litigation in the district court that, although not appealed, (a) arises out of the same criminal conviction, or (b) has been designated by the district court as satisfying the criteria of 28 U.S.C. § 1915(g).

(6)     Mr. Lee is currently confined at the United States Penitentiary, Terre Haute. The current warden at USP-Terre Haute is T. J. Watson.

(7)     This appeal does not require a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Bush v. Pitzer*, 133 F.3d 455, 456 (7th Cir. 1997) (certificate of appealability not required for federal prisoner appealing denial of writ of habeas corpus under 28 U.S.C. § 2241; "Under 28 U.S.C. § 2253(c)(1)(B), a federal prisoner needs a certificate of appealability only when appealing from the denial of relief under 28 U.S.C. § 2255.")

Respectfully submitted,

\s\ Morris H. Moon
Morris H. Moon
*Counsel of Record*
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

\s\ George G. Kouros
George G. Kouros
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Daniel Lewis Lee

2

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the

United States District Court for the Southern District of Indiana using the CM/ECF system on

June 26, 2020. I certify that all the participants in the case are registered CM/ECF users and that

service will be accomplished by the CM/ECF system

/s/Morris H. Moon
MORRIS H. MOON
*Counsel of Record*
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL LEWIS LEE,                    )
                                     )
                Petitioner,          )
                                     )
        v.                           )    No. 2:19-cv-00468-JPH-DLP
                                     )
WARDEN USP TERRE HAUTE, et al.       )
                                     )
                Respondents.         )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Daniel Lewis Lee is a federal prisoner on death row at the United States Penitentiary in Terre Haute, Indiana.  He was sentenced to death 20 years ago in the United States District Court for the Eastern District of Arkansas after a jury found him guilty of murdering a gun dealer and the gun dealer's family to steal money and guns.  The conviction and sentence were affirmed on direct appeal and multiple requests for post-conviction relief were denied by the United States Court of Appeals for the Eighth Circuit.

Mr. Lee seeks relief from this Court by way of a 28 U.S.C. § 2241 petition. Mr. Lee first argues that his counsel was ineffective during the penalty phase of his trial in violation of his Sixth Amendment rights.  Mr. Lee next argues that newly discovered evidence shows that the United States violated his due process rights when it suppressed material evidence and misled the jury regarding the nature of a prior conviction in Oklahoma.  This Court stayed Mr. Lee's execution pending resolution of this action, but the Seventh Circuit granted the United States' motion to vacate the stay.

1

Based on that decision, Mr. Lee's claims cannot proceed in this § 2241 action. The Court thus **denies** the petition for a writ of habeas corpus without reaching the merits of the claims presented.

## I.

In its Order staying Mr. Lee's execution, the Court set forth the procedural background of Mr. Lee's conviction and challenges thereto. *See* Dkt. 27 at 2-5. The Court incorporates by reference that background here, including that Mr. Lee previously attempted to raise his current claims in his court of conviction and in the Eighth Circuit.

First, Mr. Lee raised his ineffective assistance claim via a Rule 60(b) motion in his 28 U.S.C. § 2255 proceeding. The District Court denied the motion, and the Eighth Circuit affirmed. *See United States v. Lee*, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014); *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015).

Second, Mr. Lee raised his due process claims in another 28 U.S.C. § 2255 proceeding. The District Court denied the motion as an unauthorized second or successive § 2255 motion, and the Eighth Circuit denied a certificate of appealability. *See United States v. Lee*, No. 4:97-cr-00243-KGB, Dkt. 1313 (E.D. Ark.); *Lee v. United States*, No. 19-2432 (8th Cir. Nov. 4, 2019).

## II.

Mr. Lee's § 2241 petition raises two claims. First, he argues that trial counsel provided ineffective assistance by failing to use available evidence to challenge the results of the Hare Psychopathy Checklist-Revised ("PCL-R") that was offered by the United States in support of an aggravating factor during the

2

penalty phase.  Dkt. 1 at 11-46.  The United States relied upon the PCL-R to demonstrate, among other things, that Mr. Lee presents a risk of future dangerousness.  Dkt. 1 at 11-46.

Second, Mr. Lee advances two related due process claims under *Brady v. Maryland,* 373 U.S. 83, 87 (1963), and *Napue v. Illinois,* 360 U.S. 264 (1959).[1] The due process claims focus on the degree of Mr. Lee's involvement in the murder of Joseph Wavra in Oklahoma when Mr. Lee was seventeen years old.  In support of its position that Mr. Lee presented a risk of future dangerousness and deserved the death penalty, the United States argued that Mr. Lee was responsible for Mr. Wavra's murder.  Mr. Lee maintains that the United States violated *Brady* and *Napue* when it suppressed exculpatory evidence regarding Mr. Wavra's murder and presented evidence that created a false impression for why Mr. Lee was not prosecuted for Mr. Wavra's murder.  Dkt. 1 at 46-68.

The United States argues that the Court cannot reach the merits of these claims because Mr. Lee cannot raise them in a § 2241 petition.  Dkt. 14.  Mr. Lee disagrees.  In the end, the Court concludes that Mr. Lee's claims cannot proceed in this § 2241 action and thus denies the petition without reaching the merits of the claims presented.

---

[1] In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution."  373 U.S. at 87.  "*Napue* [*v. Illinois*, 360 U.S. 264 (1959)] and *Giglio* hold that a prosecutor may not offer testimony that the prosecutor knows to be false."  *Bland v. Hardy,* 672 F.3d 445, 447 (7th Cir. 2012).

Whether Mr. Lee can bring his claims via § 2241 depends on whether he meets the requirements of 28 U.S.C. § 2255(e)—commonly referred to as the Savings Clause.  *See Webster v. Daniels*, 784 F.3d 1123, 1135 (7th Cir. 2015) (en banc).  The Savings Clause permits claims to proceed in a § 2241 petition if a petitioner can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The legal standards governing the Savings Clause determination are set forth in the Court's Order staying Mr. Lee's execution and its recent decision in *Purkey v. United States*, No. 2:19-cv-00414-JPH-DLP (S.D. Ind. Nov. 20, 2019), Dkt. 76 at 8-15.  Those legal standards are incorporated here by reference.  *See* Dkt. 27 at 9-11; *Purkey*, No. 2:19-cv-00414-JPH-DLP, Dkt. 76 at 8-15.

Here, neither of Mr. Lee's claims meet the Savings Clause.  Mr. Lee's ineffective assistance claim is—for purposes of the Savings Clause analysis— essentially identical to a claim addressed in *Purkey*.  Like Mr. Lee, Mr. Purkey sought to bring ineffective assistance of trial counsel claims in his § 2241.  Mr. Purkey relied on similar legal arguments for why his ineffective assistance claims meet the Savings Clause.  Notably, both Mr. Lee and Mr. Purkey take the position that the *Martinez-Trevino* doctrine, as extended in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015),[2] permits them to raise ineffective assistance claims in a § 2241 petition.

---

[2] *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), establish an opportunity for 28 U.S.C. § 2254 petitioners challenging state court judgments from some states to argue ineffective assistance of post-conviction counsel as cause to excuse procedural default of their ineffective assistance of trial counsel claims.  *Ramirez* extended *Martinez* and *Trevino* to

4

The Court rejected this and other of Mr. Purkey's arguments, concluding that his ineffective assistance claim did not meet the Savings Clause. The Court explained that neither the *Martinez-Trevino* doctrine nor *Ramirez* involve the Savings Clause question, and that *Ramirez* has subsequently been narrowly construed by the Seventh Circuit. *See Purkey*, No. 2:19-cv-00414-JPH-DLP, Dkt. 76 at 21-23. These factors led the Court to conclude that the Seventh Circuit would likely not expand *Ramirez*, thus requiring the Court to decline to do so.

The Court further reasoned that permitting ineffective assistance claims to proceed in § 2241 actions would run counter to both Seventh Circuit precedent and the statutory framework established in § 2255, which sought to steer almost all post-conviction proceedings away from § 2241. *Id.* at 23-27; *see id.* at 27 ("[U]nlike the relatively narrow categories of claims [the Seventh Circuit has] allowed to proceed [in § 2241 petitions], ineffective assistance of trial claims are ubiquitous."). The Seventh Circuit set forth similar reasoning in reversing this Court's Order staying Mr. Lee's execution. *See Lee v. Watson*, 2019 WL 6718924, *1 (7th Cir. Dec. 6, 2019) (stating that Mr. Lee's likelihood of success is "slim" because ineffective assistance claims "are regularly . . . resolved under § 2255"). For this reason and those set forth in *Purkey*, the Court concludes that Mr. Lee's ineffective assistance claim does not meet the Savings Clause and thus cannot proceed in this § 2241 action.

---

28 U.S.C. § 2255 proceedings, allowing a petitioner to challenge § 2255 counsel's effectiveness in a Rule 60(b) motion. 790 F.3d at 854.

5

Mr. Lee's due process claims similarly do not meet the Savings Clause. The Court previously concluded that Mr. Lee's due process claims likely meet the Savings Clause. Dkt. 27 at 11-13. Among other things, the Court reasoned that "if Mr. Lee is correct that his [due process] claims rest on newly discovered evidence, he meets the core of the Savings Clause test as described by the Seventh Circuit," as he did not have this evidence during his § 2255 proceedings and thus did not have "'an unobstructed procedural shot at getting his sentence vacated.'" *Id.* at 12 (quoting *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)). The Court concluded that Mr. Lee had made a sufficient showing "that there is newly discovered evidence to support his [due process] claims and that there may be additional discoverable evidence to support them."[3] *Id.* at 13.

The Seventh Circuit disagreed, concluding that Mr. Lee's likelihood of meeting the Savings Clause is "slim." *Lee*, 2019 WL 6718924, at *1. The Seventh Circuit reasoned that claims like Mr. Lee's "are regularly made and resolved under § 2255," thus it is unlikely that § 2255 is inadequate or ineffective. *Id.* The Seventh Circuit further noted that *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc), held that "§ 2255 may be deemed inadequate or ineffective if the provision for successive collateral attacks in § 2255(h) does not permit a prisoner to present factual developments that could not have been litigated earlier." *Lee*, 2019 WL 6718924, at *1. The Seventh Circuit concluded that the evidence Mr. Lee designates as "newly discovered" is not so within the meaning

---

[3] The Court emphasized that while it was unclear whether Mr. Lee could ultimately demonstrate that the evidence was "newly discovered", that determination "should be made on a fully developed record." Dkt. 27 at 13.

6

of *Webster*.   Because Mr. Lee was aware of it, the court reasoned, the evidence was not "concealed or unavailable." *Id.*; *see id.* (noting that evidence is not newly discovered under *Webster* "if the defense could have accessed it with due diligence.").

Although the Seventh Circuit's order in *Lee* did not hold that Mr. Lee's due process claims do not meet the Savings Clause, it provided specific reasons why those claims were not likely to succeed.  *Id.*  This Court therefore reads the Seventh Circuit's decision in *Lee* as having considered and rejected the several reasons cited by this Court for granting the stay.[4]   Those reasons—now foreclosed—are the only reasons that could support a conclusion that the Savings Clause is met.  Thus, based on the Seventh Circuit's order in *Lee*, the Court concludes that Mr. Lee's due process claims do not meet the Savings Clause and thus cannot proceed in this § 2241 action.

## III.

The claims Mr. Lee presents in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are barred by the Savings Clause, 28 U.S.C. § 2255(e).  His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**, and this action is dismissed with prejudice.

Because the Court has concluded that Mr. Lee's claims are barred by the Savings Clause, his pending motions for oral argument, dkt. [16], to stay this

---

[4] For example, in its order granting a stay, this Court reasoned that Mr. Lee had shown that discovery might uncover additional evidence to support his position that his due process claims meet the Savings Clause and have merit.  *See* Dkt. 27 at 12-13.  The Seventh Circuit's decision rejected this premise.

7

action, dkt. [17], and for discovery, dkt. [18], are **denied**.    Final Judgment

consistent with this Order shall issue.

**SO ORDERED.**

Date: 3/20/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Scott Gordon
US Attorney's Office - Eastern District of Arkansas
michael.gordon@usdoj.gov

George Gust Kouros
FEDERAL CAPITAL HABEAS PROJECT
george_kouros@fd.org

Morris H. Moon
FEDERAL CAPITAL HABEAS PROJECT
Morris_Moon@fd.org

John M. Pellettieri
U.S. DEPARTMENT OF JUSTICE
john.pellettieri@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL LEWIS LEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00468-JPH-DLP |
| | ) | |
| WARDEN USP TERRE HAUTE, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**FINAL JUDGMENT**

The Court now enters final judgment. Petitioner's petition for writ of

habeas corpus is denied and the action is dismissed with prejudice.

Date: 3/20/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Laura Briggs, Clerk of Court

By: *Pam Pope*

Deputy Clerk

Distribution:

Michael Scott Gordon
US Attorney's Office - Eastern District of Arkansas
michael.gordon@usdoj.gov

George Gust Kouros
FEDERAL CAPITAL HABEAS PROJECT
george_kouros@fd.org

Morris H. Moon
FEDERAL CAPITAL HABEAS PROJECT
Morris_Moon@fd.org

John M. Pellettieri
U.S. DEPARTMENT OF JUSTICE
john.pellettieri@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DANIEL LEWIS LEE,                                )
                                                 )
                    Petitioner,                  )
                                                 )
           v.                                    )    No. 2:19-cv-00468-JPH-DLP
                                                 )
WARDEN USP TERRE HAUTE, et al.                   )
                                                 )
                    Respondents.                 )

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

Daniel Lewis Lee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his death sentence. This Court entered an order staying Mr. Lee's execution. The Seventh Circuit vacated that order and on remand, this Court denied Mr. Lee's § 2241 petition, holding that his claims are barred by 28 U.S.C. § 2255(e). Mr. Lee filed a Rule 59(e) motion to alter or amend judgment, and the motion is fully briefed. For the reasons that follow, Mr. Lee's motion is denied.[1]

To obtain relief under Rule 59(e), a movant must show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). Mr. Lee argues that the Court committed manifest errors of law and fact by (1) concluding that his claim for relief was foreclosed by the Seventh Circuit's order vacating the stay; (2) conflating the legal standard for evaluating a motion for a stay of execution with the legal standard for evaluating

---

[1] The government has reset Mr. Lee's execution date for July 13, 2020. Dkt. 43.

1

the merits of his petition; (3) denying him the ability to conduct discovery; (4) finding that his ineffective assistance of counsel claim could not proceed under Section 2241; and (5) failing to consider all of his arguments and claims.

Mr. Lee first argues that the Court erred in denying his § 2241 petition without authorizing discovery on the question of whether his *Napue* and *Brady* claims satisfy the § 2255(e) exception outlined in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc). Dkt. 37 at 2–10. He contends that the Court applied the wrong legal standard and misunderstood the Seventh Circuit's order vacating the stay.

To satisfy the § 2255(e) savings clause using the path outlined in *Webster*, a petitioner must proffer newly discovered evidence. 784 F.3d at 1140. Mr. Lee sought to discover allegedly suppressed evidence that would allow him to satisfy § 2255(e), which in turn would enable the Court to consider the merits of his § 2241 petition. Dkt. 37 at 11 ("Mr. Lee has asserted that the Government suppressed—*and continues to suppress*—evidence in its possession showing that it knew the details of the actual resolution of the Oklahoma case and that the details of that resolution contain exculpatory information."). Mr. Lee argues that this Court and the Seventh Circuit missed the point and mistakenly believed his argument to be that the fee petition was the only newly discovered evidence.

But the Court understood Mr. Lee's position. *See* dkt. 27 at 18 (opinion and order staying execution) ("Mr. Lee responds that the information surrounding Mr. Lee's guilty plea to the robbery charge, rather than the fee application, is the *Brady* material. In other words, Mr. Lee says the fee

2

application is only *evidence of* a *Brady* violation."). The Seventh Circuit similarly considered and rejected Mr. Lee's argument. There is no indication that the panel did not understand or ignored this argument. The Seventh Circuit found that the fee application cannot be considered "newly discovered" evidence under *Webster. Lee v. Watson*, 2019 WL 6718924, at *1 (7th Cir. Dec. 6, 2019). *Id.* With due diligence, counsel could have accessed the fee application and used it in Mr. Lee's original § 2255 motion to bring *Brady* and *Napue* claims and to seek the discovery that he now seeks in this § 2241 action. Because the fee application was not concealed or unavailable, Mr. Lee cannot rely on it to satisfy § 2255(e)'s savings clause and litigate a § 2241 action to pursue other evidence that he believes the government to possess, dkt. 37 at 11.

Mr. Lee also takes issue with the Seventh Circuit's application of the due diligence standard, dkt. 37 at 13–15, but this Court is bound by the Seventh Circuit with respect to this legal question. And Mr. Lee has not shown that this Court committed a manifest error in applying the due diligence standard articulated by the Seventh Circuit in assessing whether his evidence was "newly discovered" under *Webster. See* dkt. 35 at 7 ("[E]vidence is not newly discovered under *Webster* 'if the defense could have accessed it with due diligence.'" (quoting *Lee*, 2019 WL 6718924, at *1)).

Unlike *Webster*, where new counsel uncovered and identified previously unavailable evidence in the form of records, 784 F.3d at 1132, Mr. Lee argues that there *may* exist some type of previously undisclosed evidence. Because § 2255 gave Mr. Lee a viable route to discovery of the evidence sought by his

3

petition, he cannot show that § 2255 was "inadequate or ineffective" or that the Court committed manifest error by denying his *Brady* and *Napue* claims on § 2255(e) grounds.

Mr. Lee further argues that the Court committed manifest error when it denied his ineffective assistance of counsel claim. The Seventh Circuit has extended *Martinez v. Ryan*, 566 U.S. 1 (2012), to allow a federal prisoner to argue in a Rule 60(b) motion that § 2255 counsel's ineffectiveness prevented the prisoner from properly litigating trial counsel's effectiveness. *Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015). But neither the Seventh Circuit nor the Supreme Court has held that a federal prisoner may rely on § 2255 counsel's ineffectiveness to satisfy § 2255(e)'s savings clause. While the Seventh Circuit is now considering that question, *see* dkt. 44-1 (transcripts of oral argument in *Purkey v. United States*, No. 19-3318 (7th Cir.)), under existing law Mr. Lee cannot show manifest error in the Court's holding that § 2255(e) bars his ineffective assistance claim. *Purkey v. United States*, No. 2:19-cv-00414, dkt. 76 (Nov. 20, 2019) (collecting cases where courts considered and rejected the argument that ineffective assistance of trial counsel claims relying on *Martinez-Trevino* meet the Savings Clause).

Mr. Lee's last argument is that the Court erred in not addressing his claim that applying § 2255(e) to bar his § 2241 petition would result in an unconstitutional suspension of the writ of habeas corpus. Dkt. 37 at 18–19. The Seventh Circuit has defined the scope of § 2255(e)'s savings clause to avoid violation of the Constitution's Suspension Clause. *See Worman v. Entzel*, 953

4

F.3d 1004, 1008 (7th Cir. 2020); *cf. Webster*, 784 F.3d at 1152 (Easterbrook, J., dissenting) (citing *United States v. Hayman*, 342 U.S. 205 (1952)) (noting that "if some application of § 2255 would conflict with the Suspension Clause, a district court could [use § 2255(e)] to proceed under § 2241 without any need to hold § 2255 unconstitutional"). The Court now makes explicit what was implicit in its order denying relief: application of § 2255(e) to bar Mr. Lee's petition does not violate the Suspension Clause.

Because Mr. Lee has failed to show that the Court's order denying relief rests on a manifest error of law or fact, his motion to alter or amend judgment, dkt. [37], is **DENIED**.

**SO ORDERED.**

Date: 6/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Scott Gordon
US Attorney's Office - Eastern District of Arkansas
michael.gordon@usdoj.gov

George Gust Kouros
FEDERAL CAPITAL HABEAS PROJECT
george_kouros@fd.org

Morris H. Moon
FEDERAL CAPITAL HABEAS PROJECT
Morris_Moon@fd.org

John M. Pellettieri
U.S. DEPARTMENT OF JUSTICE
john.pellettieri@usdoj.gov

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,MANDATE,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:19-cv-00468-JPH-DLP

| | |
|---|---|
| LEE v. WARDEN USP TERRE HAUTE et al | Date Filed: 09/26/2019 |
| Assigned to: Judge James Patrick Hanlon | Date Terminated: 03/20/2020 |
| Referred to: Magistrate Judge Doris L. Pryor | Jury Demand: None |
| Case in other court: 7th Circuit, 19-03399 - Mandate | Nature of Suit: 535 Death Penalty - Habeas Corpus |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Jurisdiction: Federal Question |

**Petitioner**

**DANIEL LEWIS LEE**              represented by    **George Gust Kouros**
FEDERAL CAPITAL HABEAS
PROJECT
6411 Ivy Lane
Suite 710
Greenbelt, MD 20770
301-821-0855
Fax: 301-344-0019
Email: george_kouros@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Morris H. Moon**
FEDERAL CAPITAL HABEAS
PROJECT
6411 Ivy Lane
Suite 710
Greenbelt, MD 20770
(713) 880-3556
Fax: (301) 344-0019
Email: Morris_Moon@fd.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**WARDEN USP TERRE HAUTE**        represented by    **John M. Pellettieri**
U.S. DEPARTMENT OF JUSTICE

950 Pennsylvania Ave., NW
Room 1260
Washington, DC 20530
202-307-3766
Email: john.pellettieri@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Respondent**

**UNITED STATES OF AMERICA**       represented by   **John M. Pellettieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Scott Gordon**
US Attorney's Office - Eastern District
of Arkansas
425 W. Capitol Avenue
Suite 500
Little Rock, AR 72201
501-340-2625
Fax: 501-340-2725
Email: michael.gordon@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2019 | 1 | PETITION for Writ of Habeas Corpus , filed by DANIEL LEWIS LEE. (No fee paid with this filing) (Attachments: # 1 Exhibit Index, # 2 Exhibit A: Judge Eisele Letter, # 3 Exhibit B: DNA Report, # 4 Exhibit C: Edens Declaration, # 5 Exhibit D: Bersoff Declaration, # 6 Exhibit E: Haynes Affidavits, # 7 Exhibit F: Ryan Declaration, # 8 Exhibit G: Komp Declaration, # 9 Exhibit H: Ruhnke Declaration, # 10 Exhibit I: Verdict Form, # 11 Exhibit J: Carter Declaration, # 12 Exhibit K: Canadian County Record, # 13 Exhibit L: Oklahoma Court Record, # 14 Exhibit M: Lassiter Declaration, # 15 Civil Cover Sheet)(Kouros, George) (Entered: 09/26/2019) |
| 09/26/2019 | 2 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A: FCHP Appointment Orders, # 2 Exhibit B: Inmate Account Statement, # 3 Text of Proposed Order)(Kouros, George) (Entered: 09/26/2019) |
| 09/26/2019 | 3 | MOTION for Attorney(s) George G. Kouros to Appear pro hac vice (No fee paid with this filing), filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Kouros, George) (Entered: 09/26/2019) |
| 09/26/2019 | 4 | NOTICE of Appearance by George Gust Kouros on behalf of Petitioner DANIEL LEWIS LEE. (Kouros, George) (Entered: 09/26/2019) |
| 09/26/2019 | 5 | MOTION for Attorney(s) Morris H. Moon to Appear pro hac vice (No fee |

| | | <span style="color:red">paid with this filing)</span>, filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Kouros, George) (Entered: 09/26/2019) |
|---|---|---|
| 09/27/2019 | 6 | ORDER TO SHOW CAUSE - Petitioner Daniel Lewis Lee filed this habeas action pursuant to 28 U.S.C. § 2241. This action will proceed as follows.Respondents have already been notified of the filing of the instant habeas petition. They shall have through October 11, 2019, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by Mr. Lee should not be granted. Mr. Lee's motion for leave to proceed in forma pauperis, dkt. 2 , is granted. (See Order for additional deadlines.) Signed by Judge James Patrick Hanlon on 9/27/2019.(RSF) (Entered: 09/27/2019) |
| 10/01/2019 | 7 | ORDER - granting 3 Motion to Appear pro hac vice regarding George G. Kouros. Signed by Magistrate Judge Doris L. Pryor on 10/1/2019. (RSF) (Entered: 10/02/2019) |
| 10/01/2019 | 8 | ORDER - granting 5 Motion to Appear pro hac vice regarding Morris H. Moon. Applicant shall register for electronic filing, as required by Local Rule 5-3, within ten (10) days of the entry of this Order. Copy to Attorney Moon. Signed by Magistrate Judge Doris L. Pryor on 10/1/2019. (RSF) (Entered: 10/02/2019) |
| 10/08/2019 | 9 | NOTICE of Appearance by John M. Pellettieri on behalf of Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 10/08/2019) |
| 10/08/2019 | 10 | MOTION for Extension of Time to November 8, 2019 , filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 10/08/2019) |
| 10/09/2019 | 11 | NOTICE of Appearance by Morris H. Moon on behalf of Petitioner DANIEL LEWIS LEE. (Moon, Morris) (Entered: 10/09/2019) |
| 10/09/2019 | 12 | RESPONSE in Opposition re 10 MOTION for Extension of Time to November 8, 2019 , filed by Petitioner DANIEL LEWIS LEE. (Moon, Morris) (Entered: 10/09/2019) |
| 10/10/2019 | 13 | ORDER - granting 10 Motion for Extension of Time to the extent that Respondents are given a 14-day extension. Respondents have through October 25, 2019, to file their response. Mr. Lee has through November 8, 2019, to file his reply. (See Order.) Signed by Judge James Patrick Hanlon on 10/10/2019. (RSF) (Entered: 10/10/2019) |
| 10/25/2019 | 14 | RETURN TO ORDER TO SHOW CAUSE, re 6 Order to Show Cause, filed by UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE.. (Attachments: # 1 Exhibit Sent. Tr., Vol. 43C, # 2 Exhibit Sent. Tr., Vol. 44, # 3 Exhibit Sent. Tr., Vol. 45, # 4 Exhibit Sent. Tr., Vol. 46, # 5 Exhibit Sent. Tr., Vol. 46A, # 6 Exhibit Sent. Tr., Vol. 47)(Pellettieri, John) (Entered: 10/25/2019) |

| 11/08/2019 | 15 | Reply re 14 Return to Order to Show Cause, filed by DANIEL LEWIS LEE.. (Attachments: # 1 Exhibit N: Compton Testimony, State v. Patton)(Moon, Morris) (Entered: 11/08/2019) |
|---|---|---|
| 11/08/2019 | 16 | MOTION *for Oral Argument*, filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Moon, Morris) (Entered: 11/08/2019) |
| 11/08/2019 | 17 | MOTION to Stay *Execution*, filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Attachment A (2014.10.28 Letter of AUSA Stripling), # 2 Attachment B (2019.09.06 Letter to President Trump), # 3 Attachment C (2019.09.07 Letter to President Trump))(Moon, Morris) (Entered: 11/08/2019) |
| 11/12/2019 | 18 | MOTION for Discovery , filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Exhibit A-FBI Travel Advisory, # 2 Exhibit B-FBI 302, # 3 Exhibit C-Notes re Patton Plea)(Moon, Morris) (Entered: 11/12/2019) |
| 11/13/2019 | 19 | Submission of Proposed Order , re 18 MOTION for Discovery , filed by Petitioner DANIEL LEWIS LEE. (Kouros, George) (Entered: 11/13/2019) |
| 11/19/2019 | 20 | RESPONSE in Opposition re 17 MOTION to Stay *Execution* , filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 11/19/2019) |
| 11/20/2019 | 21 | REPLY in Support of Motion re 17 MOTION to Stay *Execution* , filed by Petitioner DANIEL LEWIS LEE. (Moon, Morris) (Entered: 11/20/2019) |
| 11/20/2019 | 22 | NOTICE *Withdrawing Motion for Stay of Execution*, filed by Petitioner DANIEL LEWIS LEE, re 17 MOTION to Stay *Execution*. (Moon, Morris) (Entered: 11/20/2019) |
| 11/22/2019 | 23 | First MOTION for Extension of Time to 12/16/2019 in which to 18 MOTION for Discovery , filed by Respondent UNITED STATES OF AMERICA. (Attachments: # 1 Text of Proposed Order)(Gordon, Michael) (Entered: 11/22/2019) |
| 11/25/2019 | 24 | ORDER - granting 23 Motion for Extension of Time, to the extent that the Respondents have until noon on December 2, 2019, to reply. Signed by Judge James Patrick Hanlon on 11/25/2019. (RSF) (Entered: 11/25/2019) |
| 11/29/2019 | 25 | RESPONSE in Opposition re 18 MOTION for Discovery , filed by Respondent UNITED STATES OF AMERICA. (Gordon, Michael) (Entered: 11/29/2019) |
| 12/02/2019 | 26 | REPLY in Support of Motion re 18 MOTION for Discovery , filed by Petitioner DANIEL LEWIS LEE. (Moon, Morris) (Entered: 12/02/2019) |
| 12/05/2019 | 27 | OPINION AND ORDER STAYING EXECUTION OF DANIEL LEWIS LEE - Daniel Lewis Lee is a federal prisoner on death row at the United States Penitentiary in Terre Haute, Indiana. He was sentenced to death 20 years ago in the United States District Court for the Eastern District of Arkansas after a jury found him guilty of murdering a gun dealer and the gun |

| | | |
|---|---|---|
| | | dealer's family to steal money and guns. The conviction and sentence were affirmed on direct appeal. Mr. Lee sought post conviction relief under 28 U.S.C. § 2255 in the district court where he was convicted and sentenced. That request was denied by the district court and the court of appeals affirmed. Mr. Lee filed further § 2255 motions challenging his death sentence in the district court of conviction, but those challenges were denied on procedural grounds. Mr. Lee now seeks relief from this Court by way of a 28 U.S.C. § 2241 petition alleging ineffective assistance of counsel and newly discovered evidence as the basis for the relief sought. Daniel Lewis Lee's execution scheduled for December 9, 2019, is **STAYED**. Mr. Lee has demonstrated substantial grounds upon which to challenge the legality of his execution. Specifically, the structure of § 2255 prevents the District Court of conviction from hearing his claims that are based on newly discovered evidence. Mr. Lee has also demonstrated a significant possibility that he may be able to prevail on those claims by showing that the United States suppressed evidence and misled the jury during his penalty phase. In the end, Mr. Lee may not be able to make this showing. For now, he must have a reasonable opportunity to obtain a reliable judicial determination of these challenges to the fundamental legality of his sentence. A separate order staying Mr. Lee's execution shall issue. Counsel for the United States are responsible for ensuring that the Warden of the United States Penitentiary in Terre Haute, Indiana, the United States Marshal for this District, and all other officials who would have any involvement in Mr. Lee's execution are notified of this stay and comply with its requirements. (See Opinion.) Signed by Judge James Patrick Hanlon on 12/5/2019.(RSF) (Entered: 12/05/2019) |
| 12/05/2019 | 28 | ORDER STAYING THE EXECUTION OF DANIEL LEWIS LEE - Petitioner Daniel Lewis Lee has demonstrated that he is entitled to a stay of his execution. It is therefore ordered that Respondents United States of America and Warden of the United States Penitentiary in Terre Haute, Indiana (and his successors) are enjoined from executing Daniel Lewis Lee until further order of this Court. Signed by Judge James Patrick Hanlon on 12/5/2019.(RSF) (Entered: 12/05/2019) |
| 12/05/2019 | 29 | NOTICE OF APPEAL as to 27 Order, 28 Order, filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (No fee paid with this filing) (Pellettieri, John) (Entered: 12/05/2019) |
| 12/05/2019 | 30 | PARTIES' SHORT RECORD re 29 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (RSF) (Entered: 12/05/2019) |
| 12/05/2019 | 31 | **DEATH PENALTY CASE** Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 29 Notice of Appeal. **- for Court of Appeals Use Only.** (RSF) (Entered: 12/05/2019) |
| 12/06/2019 | 32 | USCA Case Number 19-3399 for 29 Notice of Appeal filed by WARDEN USP TERRE HAUTE, UNITED STATES OF AMERICA. (RSF) (Entered: 12/06/2019) |
| 12/06/2019 | 33 | ORDER of USCA as to 29 Notice of Appeal filed by WARDEN USP |

| | | |
|---|---|---|
| | | TERRE HAUTE, UNITED STATES OF AMERICA (USCA #19-3399) - The motion to vacate the stay of execution is granted. (See Order.) (RSF) (Entered: 12/06/2019) |
| 01/28/2020 | 34 | MANDATE of USCA as to 29 Notice of Appeal filed by WARDEN USP TERRE HAUTE, UNITED STATES OF AMERICA (USCA #19-3399) - The motion to vacate the stay of execution is granted. (LBT) (Entered: 01/28/2020) |
| 03/20/2020 | 35 | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS - Daniel Lewis Lee is a federal prisoner on death row at the United States Penitentiary in Terre Haute, Indiana. He was sentenced to death 20 years ago in the United States District Court for the Eastern District of Arkansas after a jury found him guilty of murdering a gun dealer and the gun dealers family to steal money and guns. The conviction and sentence were affirmed on direct appeal and multiple requests for post-conviction relief were denied by the United States Court of Appeals for the Eighth Circuit. Mr. Lee seeks relief from this Court by way of a 28 U.S.C. § 2241 petition. The claims Mr. Lee presents in his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 are barred by the Savings Clause, 28 U.S.C. § 2255(e). His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed with prejudice. Because the Court has concluded that Mr. Lees claims are barred by the Savings Clause, his pending motions for oral argument, dkt. 16 , to stay this action, dkt. 17 , and for discovery, dkt. 18 , are denied. Final Judgment consistent with this Order shall issue. (See Order. ) Signed by Judge James Patrick Hanlon on 3/20/2020. (RSF) (Entered: 03/20/2020) |
| 03/20/2020 | 36 | FINAL JUDGMENT - The Court now enters final judgment. Petitioners petition for writ of habeas corpus is denied and the action is dismissed with prejudice. Signed by Judge James Patrick Hanlon on 3/20/2020.(RSF) (Entered: 03/20/2020) |
| 04/17/2020 | 37 | MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59(e)*, filed by Petitioner DANIEL LEWIS LEE. (Kouros, George) (Entered: 04/17/2020) |
| 04/28/2020 | 38 | Unopposed MOTION for Extension of Time to File Response to May 15, 2020 re 37 MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59 (e)* , filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 04/28/2020) |
| 04/29/2020 | 39 | Submission of Proposed Order , re 38 Unopposed MOTION for Extension of Time to File Response to May 15, 2020 re 37 MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59(e)* , filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 04/29/2020) |

| 05/01/2020 | 40 | ORDER - Granting 38 Motion for Extension of Time to File Response to 5/15/2020 re 37 MOTION to Amend/Correct. Signed by Judge James Patrick Hanlon on 5/1/2020. (RSF) (Entered: 05/01/2020) |
| --- | --- | --- |
| 05/15/2020 | 41 | RESPONSE in Opposition re 37 MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59(e)* , filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE. (Pellettieri, John) (Entered: 05/15/2020) |
| 05/22/2020 | 42 | REPLY in Support of Motion re 37 MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59(e)* , filed by Petitioner DANIEL LEWIS LEE. (Moon, Morris) (Entered: 05/22/2020) |
| 06/15/2020 | 43 | NOTICE *Regarding Execution Date*, filed by Respondents UNITED STATES OF AMERICA, WARDEN USP TERRE HAUTE (Pellettieri, John) (Entered: 06/15/2020) |
| 06/18/2020 | 44 | NOTICE *of Pertinent Authority*, filed by Petitioner DANIEL LEWIS LEE, re 37 MOTION to Amend/Correct 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery *pursuant to Fed. R. Civ. P. 59(e)*. (Attachments: # 1 Exhibit Purkey v Warden oral argument transcript) (Kouros, George) (Entered: 06/18/2020) |
| 06/26/2020 | 45 | ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT - Daniel Lewis Lee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his death sentence. This Court entered an order staying Mr. Lee's execution. The Seventh Circuit vacated that order and on remand, this Court denied Mr. Lee's § 2241 petition, holding that his claims are barred by 28 U.S.C. § 2255(e). Mr. Lee filed a Rule 59(e) motion to alter or amend judgment, and the motion is fully briefed. For the reasons that follow, Mr. Lee's Motion to Amend/Correct is denied. (See Order.) Signed by Judge James Patrick Hanlon on 6/26/2020. (RSF) (Entered: 06/26/2020) |
| 06/26/2020 | 46 | NOTICE OF APPEAL as to 45 Order on Motion to Amend/Correct, 36 Closed Judgment, 35 Order on MotionOrder on Motion to StayOrder on Motion for Discovery, filed by Petitioner DANIEL LEWIS LEE. (No fee paid with this filing) (Moon, Morris) (Entered: 06/26/2020) |
| 06/26/2020 | 47 | DOCKETING STATEMENT by DANIEL LEWIS LEE re 46 Notice of Appeal (Moon, Morris) (Entered: 06/26/2020) |
| 06/26/2020 | 48 | MOTION to Proceed on Appeal in forma pauperis , filed by Petitioner DANIEL LEWIS LEE. (Attachments: # 1 Text of Proposed Order)(Moon, Morris) (Entered: 06/26/2020) |
| 06/29/2020 | 49 | PARTIES' SHORT RECORD re 46 Notice of Appeal - **Instructions for Attorneys/Parties attached.** (LBT) (Entered: 06/29/2020) |

**Case #: 2:19-cv-00468-JPH-DLP**